TENNEY, C. J., RICE, GOODENOW and DAVIS, JJ., concurred.

---

JOHN J. DAVIS *versus* JOHN F. DAVIS, and THE
NIAGARA INSURANCE COMPANY, *Trustees,*

Where a policy of insurance provides that the "said loss or damage shall be paid within sixty days after due notice and proof thereof, in conformity to the conditions annexed to this policy," no action can be maintained thereon until the notice is given, and the required proof is furnished.

Until such notice is given and proof furnished, the claim is contingent, and the company cannot be charged as trustees of the insured in an action commenced after a loss, but *before* notice and proof.

ON EXCEPTIONS to the ruling of DAVIS, J., discharging the trustees upon their disclosure.

The trustees disclosed that the writ was served Nov. 30, 1861; that previously they had insured the stock of goods of the principal defendant for $2000; that by the policy the damages in case of loss were "to be paid within sixty days after due notice and proof thereof, made by the insured, in conformity to the conditions annexed to the policy"; that the conditions annexed, specified in detail what proof was to be made; that, Nov. 28, 1861, during the life of the policy, the goods insured were damaged by fire; but that, at the time of the service of the writ, preliminary proof had not been made to the company, though it was afterwards made in conformity to the conditions of the policy.

Upon this disclosure the presiding Judge discharged the trustees, and the plaintiff excepted.

*G. F. Emery*, for plaintiff.

1. The trustees are chargeable, unless their liability is avoided by the failure to make the preliminary proof before service of this process. Phillips on Ins., § 1980. *Clamagoran* v. *Banks*, Martin, N. S. 551; *Dwinel* v. *Stone*, 30 Maine, 384.

2. The preliminary proof was not required to fix the liability of the company. Their liability is fixed at time of fire. The only contingency is as to the *time* of payment, and the *amount* to be paid. It was *debitum in presenti, solvendum in futuro.*

By the policy the "damage or debt" *is to be paid* within sixty days, &c.

The *time of payment* only is fixed, and this is not such a contingency as will discharge the trustees. *Clapp* v. *Hancock Bank*, 1 Allen, 395; *Dwinel* v. *Stone*, 30 Maine, 384.

3. But the proof having been furnished before *disclosure*, the company are chargeable. *Boyle* v. *Franklin Ins. Co.* 7 W. & S., 76; *Franklin Ins. Co.* v. *West*, 8 W. & S., 350.

*Deblois & Jackson*, for trustees.

The opinion of the Court was drawn up by

APPLETON, J.— The trustees in their policy of insurance promised and agreed "to make good unto the insured" all such loss or damage, not exceeding the sum insured, as shall happen by fire, &c., "the said loss or damage to be paid within sixty days *after due notice and proof thereof*, made by the insured *in conformity to the conditions annexed to this policy.* At the time of the service of the plaintiff's writ on the trustees, neither notice nor proof of the loss, in conformity with the conditions of the policy, had been given.

The preliminary proof required by the policy was a condition precedent to the right of the insured to recover. "It was," remarks WESTON, C. J., in *Leadbetter* v. *Etna Ins.*

*Co.*, 13 Maine, 265, "a condition rightfully imposed, fully accepted, and made a part of the policy." Without it the insured could not recover. When service was made, it was uncertain whether due notice would be given. It was the same uncertainty which exists before the maturity of a note, whether or not, in case of non-payment, the indorser will receive due notice. The liability of the insurer does not become absolute, unless the preliminary proof, as required in the conditions of the policy, is obtained. If no proof is furnished, the liability does not attach. The magistrate most contiguous to the place of the fire may not be able conscientiously to give the certificate required by the ninth condition of the policy. Or he may unreasonably refuse. But "if unreasonably refused," remarks WESTON, C. J., in the case before cited, "it was their misfortune, and without it they cannot recover." In *Worsley v. Wood*, 6 D. & E., 711, GROSE, J., uses the following language :—"It does not seem to me that a fire without fraud will give the assured a right of action; it must be a fire, accompanied with the notice, affidavit and certificate, specified in the proposals."

It was doubtful, then, if ever a liability would attach. The contingency is not of proving a case, but of ever having one to prove,—of there ever being a time when the insured would have a right of action.

By R. S., 1857, c. 86, § 55, "no person shall be adjudged trustee by reason of any money or other thing due from him to the principal defendant, unless, at the time of the service of the writ upon him, *it is due absolutely*, and *not* upon any contingency." The contingency under this section, as settled in *Stone* v. *Dwinel*, 30 Maine, 384, "is not a mere uncertainty as to how the balance may stand between the principal and the supposed trustee; but it is such a contingency as may preclude the principal from any right to call the supposed trustee to settle or account."

*Exceptions overruled. — Trustees discharged.*

TENNEY, C. J., RICE, GOODENOW, DAVIS and WALTON, JJ., concurred.