ARTEMAS T. SHARPE,

*v.*

HIRAM ROGERS.

B. was in the occupancy of a tract of land—part of that which is known as the half breed tract—as a settler under the act of Congress, entitled "An act to authorize the President of the United States to cause to be surveyed the tract of land in the territory of Minnesota, belonging to the half breeds or mixed bloods of the Dacota or Sioux nation of Indians, and for other purposes," approved July 17, 1854, and applied to locate thereon scrip of M. issued under said act of Congress, and upon the location of such scrip, the patent for the land issued to M. *Held,* that the title to the land vested in M.

Sharpe v. Rogers.

B. and wife, while in the occupancy of said land, and prior to the location of the scrip, laid out the land into town lots, and conveyed certain lots to various persons, who were unwilling that the scrip of M. should be located on the land and the patent issue to M., without some assurance that M. would convey to them their respective lots, and they were interposing objections thereto, when for the purpose of avoiding delay it was agreed by and between M. and her husband, and certain lot owners that if the latter would withdraw such objections, the former would convey, &c.; whereupon they withdrew such objections, and in consideration thereof and the conveyances from B. and wife to the lot owners, M. and her husband agreed to convey, &c. *Held*, that these facts constitute no consideration for the agreement of M. and her husband with the lot owners.

Where a written agreement under seal, for a conveyance, is void for uncertainty, and a defendant sets up in his answer a parol agreement (for which no consideration is pleaded,) as a basis for the reformation of the written instrument, a consideration will not be implied from the seal to the written agreement.

This is an appeal, by the defendant, from an order of the District Court for Wabashaw County, sustaining a demurrer to the amended answer. A full statement of the case, and the points raised, will be found in the opinion of the Court.

SMITH & GILMAN, for Appellant.

MASTERSON & SIMONS, for Respondent.

*By the Court*—McMILLAN, J. This is an action of ejectment brought to recover possession of lot one, block six, in the old town of Wabashaw, as surveyed and platted by L. A. Heart. The complaint alleges a patent from the U. S. government to Pauline Monette, her heirs and assigns, for lot four of section twenty-nine, of township 111, range 10 west, on the 19th of June, 1860, and a conveyance on the 21st of August, 1860, by the said Pauline Monette and Oliver Monette, her husband, of the said premises to the plaintiff, in consideration of eight hundred dollars, by deed recorded in Wabashaw County, in

book 2 of deeds, page 30, that the defendant is wrongfully in possession of a portion of the said premises, to wit: lot one in block six aforesaid.

The answer to the defendant sets forth that one Joseph Buisson, by authority of the Government settled upon said lot four of section No. twenty-nine in town 111 mentioned in the complaint, and continued thereon until his death, in 1857. That he had for wife a Sioux half breed, and by virtue of his settlement, occupancy and claim of said tract of land had the right to enter or locate the same under the act of Congress of July 17, 1854, entitled "An act to authorize the President of the United States to cause to be surveyed the tract of land in the territory of Minnesota, belonging to the half breeds or mixed bloods of the Dacotah or Sioux nation of Indians, and for other purposes." That on the 10th day of September, 1857, the said Buisson applied at the proper land office to obtain said tract of land by locating thereon certain scrip of one Pauline Monette, a half-breed, to whom said scrip had been issued under the provisions of said act of Congress above referred to, that the said Pauline Monette had not, nor had her husband ever settled upon, or resided upon said tract or made any claim thereto against the claim of said Buisson.

That one Jennie Oratt, also a half breed, who held scrip issued under said act of Congress, claimed to have occupied a part of said tract, and by reason thereof claimed to locate her scrip thereon, as against said Buisson, and on the 11th September, 1857, filed her scrip in the land office and applied to locate the same on said tract; thereupon a contest arose between said Buisson and Oratt, which after a decision by the local land office in favor of Buisson, was appealed to the Secretary of the Interior, who affirmed the decision of the local land office on the 17th of March, 1860, the decision of the Secretary being set forth in the answer. And that the claim

Sharpe v. Rogers.

of said Buisson was allowed, and on the 19th of July, 1860, a patent for said tract was issued to said Pauline Monette as alleged in the complaint. But that in the meantime Buisson had caused said tract to be surveyed and laid off into lots, blocks and streets for a town, and made a map or plat thereof, and in connection with his wife had made sales and conveyances by deeds duly executed to different persons of certain of the lots as designated upon said map or plat, and among others, had sold and conveyed by deed duly executed June 6th, 1856, the said lot No. 1 in block No. 6, to James Kirkman and Duncan McKenzie, recorded in the proper county, on the 9th of June, 1856, who conveyed the same to Lyman M. Gregg, by deed duly executed June 7th, 1856, recorded on the 9th of June, 1856, who conveyed the same to the defendant by deed duly executed, the 17th day of April, 1857, recorded the same day, for which premises defendant paid the sum of $1800 in cash, and entered into possession of said lot claiming ownership, and has erected thereon lasting and valuable improvements of the value of $2,500. That the defendant and others who claim lots, part of said tract as designated by said map or plat by conveyance from, or under Buisson and wife, or either of them, were unwilling that the scrip of said Monette should be used in behalf of said Buisson, his heirs and assigns as aforesaid to obtain title to said tract, whereby the patent would issue to and the title vest in said Monette without some assurance that the said Monette would convey to those who held under conveyances from said Buisson and wife, the particular lots so held by each, and were interposing objections to the use of said scrip as aforesaid and the issuing of a patent to the said Monette for said tract. Whereupon in order to avoid further delay and trouble in the matter it was agreed by and between the said Pauline Monette and her husband, Oliver Monette, and

vol. xii.—12

the plaintiff, for himself, and as attorney in fact for said Monettes, and by those who held lots, part of said tract as designated by said map, by conveyance from or under the said Buisson and wife, or either of them, that the latter named parties to said agreement should withdraw all objections to the location of said Monette scrip upon said tract, and allow the patent therefor to issue to her; in consideration whereof and of the sales and conveyances of lots in said tract by the said Buisson and wife to said claimants thereunder, the said Oliver and Pauline Monette and the said plaintiff for himself, and as attorney in fact for the said Monettes, agreed that they would convey, by good and sufficient deed, so soon as said patent should be issued to said Monette for said tract, to each person holding a lot in said tract as designated by said map or plat by conveyance thereof, from or under the said Buisson and wife, or either of them, the particular lot or lots so held by each, on reasonable demand therefor, and the payment of fifteen dollars to meet the expenses made in the premises. And that an instrument in writing was executed by the said Oliver and Pauline Monette, and the plaintiff, which was designed and intended to embrace and express the aforesaid understanding and agreement on their part to be performed &c., which was in the words and figures following, to wit:

"Know all men by these presents, that we, Oliver Monette and Pauline Monette, wife of the said Oliver Monette of the the county of Wabashaw, and State of Minnesota, do hereby bind ourselves, our heirs and our legal representatives, to execute and deliver to each and every lot owner who may have title thereto from Joseph Buisson and wife, or from either of them, in any portion of lot known as lot (4) four section (29) twenty-nine, town 111 north of range ten west, State of Minnesota, a good and sufficient deed in fee simple,

Sharpe v. Rogers.

with all proper covenants of warranty whenever hereafter a patent shall be issued for said lot 4 to said Pauline Monette, on reasonable demand and the payment of fifteen dollars to meet the expenses made in the premises.

And we, the said Oliver Monette and Pauline Monette, as heretofore, do expressly empower our attorney in fact, Artemus T. Sharpe, to execute on his part in our name and for us all such deeds and conveyances as may be in any way required to carry out the true intent and meaning of this agreement.

In witness whereof we have hereunto set our hands and seals this 19th day of November, A. D. 1859.

HIS<br>
OLIVER  X  MONETTE,    [SEAL.]<br>
MARK.

HER<br>
PAULINE  X  MONETTE.    [SEAL.]<br>
MARK

Executed in the presence of )
   L. Gilbert,      }
   J. A. Criswell.   )

*State of Minnesota,* )
*County of Wabashaw.* }

Be it known, that on the 19th day of November, A. D. 1859, before me personally appeared Oliver Monette and Pauline Monette to me known to be the identical persons described in and who executed the foregoing bond and who acknowledged that they executed the same freely and voluntarily for the use and purposes therein expressed, and Pauline Monette, wife of the said Oliver Monette, upon an examination by me separate and apart from her said husband, acknowledged that she executed the same without fear or compulsion from any one.

JAMES KIRKMAN,<br>
*Justice of the Peace.*

I, Artemus T. Sharpe, of the town and county of Waba-shaw, State of Minnesota, attorney in fact for Oliver Monette and Pauline his wife, do hereby bind myself, my heirs and legal representatives, to do all and everything necessary to carry out the above written instrument and to secure said lot owners a good and sufficient title to the above described portions of land.

Given under my hand and seal this 19th day of November, A. D. 1859.

ARTEMUS T. SHARPE. [SEAL]

Signed, sealed and acknowledged in presence of

L. GILBERT,
J. A. CRISWELL.

*State of Minnesota,* }
*County of Wabashaw.* }

Personally came before me, A. T. Sharpe, who acknowledged that he signed and sealed the above instrument for the uses and purposes therein mentioned.

Given under my hand this 19th day of November, 1859.

JAMES KIRKMAN,
*Justice of the Peace.*

Which instrument was duly recorded on the 19th day of November, 1859. Whereupon he and the others claiming lots, &c., withdrew all objections to the use of the scrip of the said Monette in obtaining the title to said tract and the issuing of the patent to her, and the patent was issued to her as stated.

The answer alleges that the conveyance to the plaintiff was for the sole purpose of enabling the plaintiff to carry out and perform the agreement of himself and the said Monettes hereinbefore stated, by conveying to each person the lot or lots in said tract held by each, by or under conveyance from said

Buisson and wife, and that the plaintiff paid nothing for said deed to him, and denies that it was made for the consideration alleged in the complaint or any other consideration except as stated.

That by a mistake, &c., of the scrivener, not observed at the time, the entire agreement on the part of said Monettes and the plaintiff was not expressed in the written instrument set forth, but there was omitted therefrom that part of the agreement which refers to and designates the particular lots or portions of said tract to be conveyed by said Monettes and the plaintiff, viz: the portions or lots in said tract which are held by any person by conveyance thereof from or under the said Buisson and wife or either of them, and which also by such mistake, &c., is not so definitely expressed in said bond as was intended and agreed upon.

The answer also denies unlawful possession of the defendant, and avers willingness at all times to pay the $15 stipulated in said bond for a conveyance, and a tender of the same with interest to the plaintiff, a demand for a conveyance of the premises on the 16th of November, 1863, and refusal of said tender and conveyance by the plaintiff, and prays the reformation of the instrument, and that the legal title of the premises be adjudged to be in the plaintiff, and such other and further relief as to the Court may seem proper.

The plaintiff demurs to the new matter constituting a defence on the ground that the same does not state facts sufficient to constitute a ground of defence. The demurrer was allowed by the Court below and the defendant appeals from the order of the District Court sustaining the demurrer.

The scrip located upon the tract of land described in the complaint in this action, was issued to Pauline Monette under the act of Congress entitled, "An Act to authorize the President of the United States to cause to be surveyed the tract of

land in the Territory of Minnesota belonging to the half breeds or mixed bloods of the Dakota or Sioux nation of Indians, and for other purposes, " approved July 17, 1854. By the provisions of that act, the scrip issued thereunder could not be located by the holders upon any lands within the reservation mentioned in said act, occupied by actual and *bona fide* settlers of the half breeds or mixed bloods, or such other persons as had gone into said territory by authority of law, nor was the transfer or conveyance of any of said certificates or scrip valid. 10 *U. S. Stat. at Large, p.* 304, *Ch.* 83, *Sec.* 1.

The tract of land of which the lot in controversy is part, being in the occupancy of Buisson, the Monette scrip could not be located upon it without Buisson's consent; with his consent we can see no reason why it could not be so located, and since the Monette scrip could not be transferred or conveyed to Buisson, the entry of the land, by the consent of Buisson, with the Monette scrip, and the patent from the United States having issued to Pauline Monette, the entire title to the land vested in her. It is not necessary under the act of Congress that the holder of scrip be in possession or occupancy of the land, to entitle him to locate the scrip thereon, but only that no other person is in the occupancy of it. It is to be observed that there is no allegation that Buisson was a party to the agreement in the answer, or that it was made in consideration of Buisson's consent to the entry by Monette; the agreement is between the Monettes and Sharpe of the one part and certain lot holders of the other.

It is urged that if the contract is reformed in the particulars in which it is sought to be corrected, it is void because it is without consideration. The only consideration stated in the answer for the agreement, is the forbearance on the part of the lot owners to press their objections to the location of Pauline Monette's scrip on the land mentioned in the answer,

and the conveyances made prior to this time by Buisson and wife or either of them to the lot owners. Buisson had clearly a right to consent to this location by Monette, and the lot owners could not prevent it, nor could they legally interpose any objections to the entry in the manner it was made. The allegation is that they were unwilling that the scrip issued to Pauline Monette should be used on behalf of Buisson to vest the title in said Pauline Monette, without some assurance that she would convey to them according to their several rights, "and were interposing objections to the use of said scrip as as aforesaid, and the issuing of a patent to the said Monette. Whereupon, to avoid further delay and trouble in the matter, it was agreed" &c. It does not appear to whom, where, or in what manner they were interposing objections, or what were the character of these objections; it may have been to Buisson or to Monette, and it is not doubtful that they could not have sustained their objections before the land office or any judicial tribunal; it could not therefore have been any detriment to the lot holders, or benefit to the Monettes, that the former withdrew their objections; their forbearance, therefore, to press these objections, and their withdrawal of them, constituted no consideration for the contract.

The conveyances, to the lot owners by Buisson and wife, which are pleaded as a consideration for the agreement, had been executed long prior to the time of making this contract, the consideration for these conveyances passed from the grantees to Buisson and wife; Monettes had no connection with it, the conveyances in themselves do not tend to benefit the Monettes or Sharpe or either of them, nor did their existence interfere with the right of Pauline Monette to enter the premises in the manner she did. It does not appear that these conveyances formed any part of the consideration for Buisson's consent that Monette should enter the land, or that

they were in any manner recognized between Buisson and Pauline Monette. We are unable therefore to see how these conveyances could constitute any consideration as to Monettes for the agreement mentioned in the answer. Unless therefore the fact that the instrument set up in the answer is under seal, is sufficient to show a consideration, no consideration for the agreement appears. It is true as a general rule that a seal to a written instrument imports a consideration. But this rule we think, cannot aid the defendant in this instance. The substance of the agreement here is the conveyance of certain premises to the parties mentioned in the agreement, and the written instrument set up in the answer, it has heretofore been determined by this Court, is void for uncertainty in describing the premises to be conveyed. *Sharpe vs. Rogers*, 10 *Minn.*, 207. It is sought in this action to correct and reform it by oral evidence of the agreement, and to establish by such evidence that by the mistake of the scrivener there was omitted from the written instrument those parts of the agreement, "which refer to and designate the particular lots or portions of said tract to be conveyed by said Monettes and the plaintiff, viz : the portions or lots in said tract which were held by any person by conveyance thereof from or under the said Buisson and wife or either of them, and which by said agreement were to be conveyed to the person so holding the same from or under the said Buisson and wife or either of them, and which also by such mistake and inadvertance is not so definitely expressed in said bond as was intended and agreed upon." Assuming this description to be sufficient, if the defendant is permitted to establish a verbal agreement and thus reform the written instrument, an agreement is established for the parties; the entire matter which gives it validity is the parol agreement, therefore the contract when reformed must rest in parol, for a contract cannot rest partly in writing and partly

in parol. *Parkhurst vs. Van Courtland*, 1 *John. Ch. R.* 282. Therefore the presumption of a consideration arising from a seal, cannot exist in this case, since if the contract is reformed there is no contract under seal, and if not reformed there is no valid contract, and as the answer does not plead a consideration for the verbal agreement the objection is fatal to the answer.

Whether the question of a consideration would be material, as between the Monettes and defendant, if it were averred that there was an express trust between the Monettes and the plaintiff in favor of the lot holders, it is not necessary to consider, since we are of opinion no such allegation is made in the answer. The averment that the conveyance to the plaintiff was for the sole purpose of enabling the plaintiff to carry out and perform the agreement of himself and the said Monettes hereinbefore stated, by conveying to each person the lot or lots in such tract held by such person by or under conveyance from said Buisson and wife, is not an averment of an agreement on the part of the plaintiff which constitutes an express trust, since the purpose may have existed only in the mind of the Monettes, although it is sufficient as an averment of fact showing a want of consideration in the deed to Sharpe, which we infer was the intention of the pleader in the allegation.

Since the contract if reformed would appear to be without consideration, it cannot be enforced either as against the Monettes or the plaintiff, and the demurrer must be sustained.

The order allowing and sustaining the demurrer is affirmed.