William Gies, *Plaintiff*,

*v.*

Bechtner & Kottman, *Defendants.*   Home Insurance
Company, *Garnishee.*

Under the act entitled "An Act to authorize and regulate Garnishee Proceedings," approved March 15, 1860, any indebtedness of the garnishee to the defendant absolute in its nature and payable at some time beyond any contingency is the subject of garnishment.

A policy of insurance contained certain provisions, in case of loss under the policy, as to notice to the Company, proof of loss, &c., &c., by the assured, and that any fraud or attempt at fraud or false swearing on the part of the assured shall cause a forfeiture of all claim under this policy, which were express conditions of the policy, *Held*, that the provisions of the policy as to notice, loss, proof, &c., must be substantially complied with before the claim is payable, and unless waived by the insurer, are conditions precedent to the right of the assured to maintain an action.

In case of loss under such a policy, until the adjustment of the loss or waiver of the conditions precedent, the payment of the claim is contingent, and the claim is not the subject of garnishment under our Statute.

The plaintiff after recovering judgment against the defendants commenced garnishee proceedings against the "Home Insurance Company" in the District Court for Ramsey County; from the disclosure of the garnishee it appears that the defendants were insured by the garnishee against loss by fire, and that a loss had occurred previous to the service of the garnishee summons, but no notice had been given, or proof of the loss, made by the insured, which were required by the policy of insurance.   The Court below discharged the

garnishee, and judgment for costs was entered in its favor: from this judgment and the order discharging the garnishee, the plaintiff appeals to this Court.

GORMAN & DAVIS, for Appellant.

I. It is claimed on the part of the appellant that it appears by the disclosure of the Garnishee, that at the time of the service of the summons the garnishee was indebted to the defendant, that the indebtedness was due absolutely, and that though not at that time payable, it did not depend on any contingency.

*a.* At the time of the service of summons the defendants were insured by the garnishee for $4,000 against fire.

*b.* The fire had occurred before the service of the summons.

*c.* The liability of the garnishee was fixed by that event. *See Drake on Attachment,* 2d ed., sec. 669, *and cases cited in note.*

II. The motion for judgment was resisted in the court below, and denied upon the ground that the debt depended on a contingency.

There was no such contingency in this case within the meaning of the statute then in force. *Chap.* 70, *Laws* 1860.

Here was a contract to pay the insured their losses from a fire. The fire was the contingent event. If the garnishee had been summoned before the fire, the contingency would have defeated the proceeding. It was claimed in the court below that in addition to contingency of a fire, the conditions of the policy requiring proof of loss, introduce another contingency.

The statute provides that a debt due and not *payable* may be garnisheed, provided it is due and does not depend on a

contingency. In the policy the garnishee agrees to make good to the assured a certain loss which may happen, to be estimated at the actual cash value of the property at the time of the loss, and the *debt* thus incurred is to be *payable* (see policy) within a certain time after proof.

Thus the statute includes debts due but not payable, and the policy by its very terms treats the loss as creating a debt. The not filing proof with the company does not defeat the debt. The omission to do so only prolongs to a later *date* the time when the debt is payable.

If there had been a provision in this policy declaring it *void* if proof were not submitted within a certain time, there might in that case be such a contingency as is contemplated by statute. But all the conditions of this policy pertinent to the question of contingency, relate to the time when an acknowledged *debt* shall become *payable*. *See Drake on Attachment*, 2d ed., sec. 552, *and cases cited in note.*

The Connecticut statute (1866 *p.* 66) is the same as our own respecting the garnishment of contingent debts. *Held in Knox vs. Protection Fire Insurance Co.*, 9 *Conn.*, 430, that an unadjusted claim for a loss on a policy of insurance is subject to the process of foreign attachment.

Maine—Same statute. See *Dwinel vs. Stone*, 30 *Maine*, 384.

Massachusetts—Same statute. *See Clapp vs. Hancock Bank and Trustee*, 1 *Allen*, *p.* 394. The Suffolk Bank was garnisheed. It held a deposit made by the principal defendant subject to the draft of said defendant, *subject to be withdrawn fifteen days after notice.* The Suffolk Bank was held as trustee, although at the time of service of trustee process the notice had not been given.

Vermont—Same statute. See *Downer vs. Topliff*, 19 *Vermont*, 399. See also *Franklin Fire Ins. Co. vs. West.* 8 *Watts and Sergeant*, 350.

L. E. THOMPSON, for Respondent.

I. Whether a person is chargeable, as a garnishee, must be determined by the facts existing at the time of the service of the process. *Mace vs. Heald*, 36 *Me.*, 136; *Wyman vs. Hishborn*, 6th *Cush.*, 264.

No indebtedness is shown to have existed on the 26th May, 1866, the date of the service of the summons. The contract disclosed is simply a contract of indemnity, the enforcement of which is dependent upon some twelve or more contingencies—any one of which would avoid the liability of the insurer.

There is no indebtedness from the insurer to the insured until an adjustment under the contract.

II. A party summoned as trustee, (garnishee) while it is contingent whether he will be indebted to the principal defendant, will be discharged. *Williams, Jr., vs. A. & K. R. R. Co.*, 36 *Maine Rep.*, 201; *Cushing's Trustee Process*, 37; *Drake on Attachments, sec.* 55.

So where the garnishee disclosed that the defendant, being indebted to him, had caused certain of their goods to be insured, and the policy required payment in case of loss to be made to him, and that the goods were destroyed by fire, and before proof of the loss was made, he was garnisheed, it was considered that his liability to the defendants was contingent, and he was discharged. *Meacham vs. McCorbitt*, 2d *Metcalf*, 352.

III. As the attaching plaintiff can acquire no other or greater rights against the garnishee than the defendant has, it follows that though the garnishee be indebted to the defendant, yet, if there be anything to be done by the latter, as a condition precedent to his recovering his debt in an action against the garnishee, the plaintiff cannot obtain judgment. *Drake on Attachments, sec.* 553.

IV.  The changing of a contingent liability into an absolute indebtedness, after the service upon the trustee, though before the judgment, will have no effect to render the trustee chargeable.  36 *Maine*, 201; 3*d Metcalf*, 301 ; 6*th Cushing*, 264; 3*d Mass.*, 68; 4*th I b.*, 225 ; 11*th I b.*, 488 *and* 493 ; 12 *Pick.*, 22 *and* 25 ; 11 *Pick.*, 101 *and* 105.

The disclosure in this case shows no absolute indebtedness at the time of the service of the summons.  It shows simply a contingent liability, and the order of the court below discharging the garnishee was properly granted.

*By the Court*—McMILLAN, J.  The garnishee summons in this case was served upon the garnishee and the defendants on the 26th of May, 1866.  The examination of the garnishee was commenced before the referee on the 9th of August, and adjourned until September 10th, 1866, at which time it was concluded.  On the 18th of December an order was made by the District Court discharging the garnishee with costs.

The loss by fire occurred prior to the service of the summons on the garnishee; but at the time of the service no notice had been given or proof made of the loss by the insured, and none have since been made as provided in the policy.

The adjustment of the loss was made by the Insurance Company on the 21st of August, 1866, in a manner detailed by the President of the Company on his examination before the referee, and without the proofs specified in the policy of insurance.  Upon this adjustment the loss was determined at $2500, a part of which was paid by agreement with defendants to certain parties holding mortgages on the property lost, and the balance was assigned by the defendants in the original action to one Willius, at what time does not distinctly appear, but the garnishees received notice of it two or three weeks after the service of the garnishee summons on them.

The appeal is taken from the judgment discharging the garnishee.

The only question involved in the case is whether the fund was attached in the hand of the Company at the date of the service of the summons on it.

It is provided by the act regulating garnishee proceedings, that,

*Sec.* 7. "No person or corporation shall be adjudged a garnishee in either of the following cases, viz:

*First.* By reason of any money or any other thing due to the defendant unless at the time of the service of the summons, the same is due absolutely and without depending on any contingency. * * *

*Sec.* 8. Any money or other thing due or belonging to the defendant may be attached by this process, before it has become payable, provided it be due or belonging absolutely and without depending on any contingency as aforesaid; but the garnishee shall not be compelled to pay or deliver the same before the time appointed therefor by the contract." *Sess. L.* 1860, *p. p.* 247–8.

The word "due" without qualification means owing and immediately payable, but it is evident from the 8th section above quoted, that it was not used in this sense by the legislature, for it expressly says that "any money or other thing due" may be attached before it is payable.

We think it was the intention of the legislature to make any indebtedness of the garnishee to the defendant, absolute in its nature and payable at some time, beyond any contingency, the subject of garnishment. We are therefore to inquire whether at the time of the service of the summons in this case there was an indebtedness of this character from the garnishee to the defendants in the original action.

The policy of insurance in this case contains among others,

the following stipulation: "In case of loss * * * the assured shall forthwith give notice of any loss to the Secretary of the Company, and within thirty days after such loss deliver at the office of the Company in St. Paul, Minnesota, either personally, by agent, mail or express, a particular account of such loss, signed and sworn to by him or them, naming each article and the cash value thereof; stating whether any and what other insurance has been made on the same property, what was the cash value at the time of the loss of the subject insured, the interest of the assured therein * * * and when and how the fire originated; and shall also produce a certificate under the hand and seal of a magistrate, notary public or clerk of a court of record (nearest to the place of loss, not concerned in the loss as creditor or otherwise, nor related to the assured by affinity or consanguinity,) stating that he has examined into the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has without fraud or evil practice sustained loss on the property insured to the amount which such magistrate, notary public or clerk shall certify. * * * *Any fraud or attempt at fraud or false swearing on the part of the assured shall cause a forfeiture of all claim under this policy.* * * * * * Also that this policy is made and accepted upon the above express conditions. * * * *"

These provisions of the policy as to notice, loss, proof, &c., must be substantially complied with before the claim is payable, they are conditions precedent to the right of the assured to maintain an action, unless they are waived by the insurer. *Worsley vs. Wood and others,* 6 *T. R.* 710; 2 *Pars. Cont.* 461; 1 *Phillips on Ins.* 156–7; *Columbian Ins. Co. of Alexandria vs. Lawrence,* 10 *Pet.* 513 *et seq.*

It matters not that the conditions of the policy are such as may be complied with; the compliance therewith is but the

happening of the event upon which the contract becomes absolute—the determining of the contingency. It is the fact that the event upon which the contract becomes absolute *may not* transpire which gives character to the contract and renders it contingent. The conditions of this policy may or may not be complied with by the assured. He may, for various reasons which will readily suggest themselves, be unable or unwilling to comply with the conditions of the contract, and the claim therefore never become payable.

But further, one of the stipulations is that "any fraud or attempt at fraud or *false swearing* on the part of the assured shall cause a *forfeiture of all* claim under this policy."

This clause manifestly embraces the whole period from the making of the contract till the preliminary proofs are furnished, and if it becomes operative in any case extends to the payment and defeats the right of action therefor. We think it is evident therefore that the payment is contingent. It is not therefore embraced within the statute, and is not the subject of garnishment.

In *Clapp vs. Hancock Bank & Trustees*, cited by the appellant, the Court in speaking of the certificate of deposit, which was the contract involved in that case, and upon which the case depended, says: "There was a debt due which at the pleasure of the Hancock Bank might become payable within a fixed and definite period, and which whether anything *was*, or *was not* done about it by either of the parties, must *certainly become due and payable at the expiration of the time within which the charter of the corporation was limited.*" 1 *Allen*, 395. The case therefore is not analogous to the one under consideration.

The statute under which the case of *Franklin Fire Ins. Co. vs. West*, 8 *W. & S.* 350, was decided, is materially different from ours and the case is not in point.

The same remark applies to the Statute of Connecticut, under which *Knox vs. Protection Ins. Co.*, 9 *Conn.* 430, was determined; (*Statutes of Conn. Comp.*, 1854, *p.* 130.) in this case the terms of the policy do not appear, and the Court only consider the question in respect to its character as a liquidated or unliquidated debt, and so far as the facts appear in the reported case, that may have been the only question before the Court. And in *Downer vs. Topliff*, 19 *Vt.* 399, this latter question seems to have been the point determined by the Court, which is not the question in the case at bar.

The order and judgment appealed from, are affirmed