JAMES O. GODFREY *vs.* CHARLES H. MACOMBER & trustee.

Bristol.   Oct. 31, 1879. — Jan. 19, 1880.   COLT & AMES, JJ., absent.

An insurance company, which, by the terms of a policy issued by it, has the right
to rebuild instead of paying the amount of a loss insured against, is not charge-
able in a trustee process as the trustee of the assured; and the fact, that, after
service of process upon it, it makes an arrangement with the assured and a
creditor of his, by which the insurance company pays the money to the cred-
itor who erects a building on his own land, is immaterial.

TRUSTEE PROCESS.   Writ dated August 22, 1878, and served
the same day.   The Hingham Insurance Company, summoned
as trustee, answered that, previously to the time of service upon
it, it had, by a policy of insurance dated July 26, 1872, insured
certain buildings of the defendant situated in Taunton against
damage by fire; that, at the time of service, a loss by fire had
occurred upon said buildings under the policy; that the trustee
had received an order from the defendant directing it to pay to
W. F. Macomber any sums of money that might be due the
defendant on account of said loss; that, under the terms of the
policy, the trustee had thirty days after ascertaining the loss in
which to make payment, and, at the time of service, the thirty
days had not expired; that, under the terms of the policy, the
trustee also had the right to make good the damage by fire by
replacing or repairing the property destroyed or damaged; that,
subsequent to service upon it, the trustee replaced and repaired
the buildings and property destroyed to the satisfaction of itself
and of the defendant, in full settlement and indemnity for said
loss; and that, therefore, at the time of service upon it, the
trustee owed the defendant nothing, and had no goods, effects or
credits of the defendant in its hands or possession.

In answer to interrogatories filed to the trustee, it answered
that, in October 1878, it erected a building to take the place of
the one destroyed, in accordance with an agreement with William
F. Macomber, by the terms of which he, for the sum of $700
paid by the trustee agreed to put up a building and assume all
the liability of the trustee under its policy to the principal de-
fendant by reason of the said loss, and also to hold the trustee
harmless from this process, and the trustee agreed to pay him

the $700 when the building should be completed to the satisfaction of the defendant; that, in October 1878, the defendant notified the trustee that the building erected was satisfactory; that the building so erected was not on the spot where the old one stood, but was on land belonging to William F. Macomber; and that, at the time it was so built, the defendant owed William F. Macomber more than $700.

At the hearing in the Superior Court, before *Allen*, J., after judgment for the plaintiff against the principal defendant, the plaintiff asked the judge to rule that the erection of the building as above stated was not a replacing of it within the meaning of the policy; and that the trustee should be charged upon its answer.

The judge declined so to rule; and ordered the trustee to be discharged. The plaintiff alleged exceptions.

*G. E. Williams*, for the plaintiff.

*W. H. Fox*, for the trustee.

LORD, J. The only question for our consideration is, whether, upon the facts existing at the time of the service of the trustee process, the Hingham Insurance Company was chargeable as the trustee of the defendant. If it was, no subsequent acts upon its part, for the purpose of benefiting the principal defendant or his creditor, could discharge the trustee, nor could any subsequent act of the trustee render it chargeable. The precise and only question to be determined is, whether, at the time of the service of the process upon it, the trustee had in its hands money or other property due or belonging to the principal defendant absolutely and without any contingency. *Hancock* v. *Colyer*, 99 Mass. 187. *Meacham* v. *McCorbitt*, 2 Met. 352.

It is entirely certain that, at the time of the service of the process, there was no such absolute liability. The trustee had the right to rebuild instead of paying the money, and was properly discharged. *Exceptions overruled.*