# Hurst, Purnell & Co. *v.* Home Protection Fire Insurance Co.

### *Garnishment on Judgment.*

1. *Judgment on answer of garnishee*—When the answer of a garnishee is not contested, judgment must be rendered on the facts stated in it as if they were true; and if he does not admit an indebtedness, for which an action of debt or *indebitatus assumpsit* would lie, or the possession of property subject to the garnishment, he is entitled to be discharged.

2. *Garnishment of insurance company after loss.*—When a garnish-

[Hurst, Purnell & Co. v. Home Protection Fire Insurance Co.]

ment is sued out against an insurance company, which had issued a policy in favor of the defendant in the judgment, and the answer admits a loss and consequent liability, but claims the right to rebuild, as stipulated in the policy, the garnishee is entitled to be discharged, unless the answer is controverted; though the court might, *it seems*, on motion, retain the case until the expiration of the period limited for rebuilding.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN P. HUBBARD.

The facts are stated in the opinion.

PARKS & SON, for appellants.

GARDNER & WILEY, *contra*.

STONE, C. J.—When an answer in a garnishment is full and complete, and leaves nothing for ascertainment by events to transpire afterwards, then, unless the truth of the answer is controverted, or some other issue is formed upon it, the case is one for simple judicial determination. If the answer admits a money liability due to the defendant in the judgment, on which debt or *indebitatus assumpsit* can be maintained, then a money judgment will be rendered against the garnishee. If the admitted indebtedness has not matured, or if the debt, to aid the collection of which the garnishment is sued out, has not been reduced to judgment, then the garnishment suit can not be made effective until the particular event happens. If the answer discloses that the garnishee has in his possession, or under his control, personal property, or things in action, belonging to the defendant, then judgment of condemnation must be rendered that the personal property be delivered up, on demand after rendition of judgment.—Code of 1876, Part 3, Title 1, Ch. 19, commencing with § 3218; Part 3, Tit. 2, Ch. 1, Art. 2, commencing with § 3268, and Art. 5, commencing with § 3293; 1 Brick. Dig. 175, §§ 313, *et seq*. If the answer denies all indebtedness, and denies the possession or control of personal property belonging to defendant, such as is subject to the process, and there is no issue or contest raised on the answer, the garnishee must be discharged.

Cases of obligation to deliver property, to perform labor, and some others, can not be the subject of garnishment. The statute does not provide for such cases.—*Jones v. Crews*, 64 Ala. 368; *Levishon v. Waganer*, 76 Ala. 412.

When the garnishment was served in this case, the facts existed, out of which there would arise a duty and liability resting on the insurance company. It had issued a policy,

insuring the dwelling house of the defendant in judgment against loss or damage by fire, which policy was in force, and the dwelling had been burned. Proof of loss had not been made, and the *quantum* of loss or damage had not been adjusted. The policy contained this clause : " In case of any loss on, or damage to the property insured, it shall be optional with the company to replace the articles lost or damaged with others of like kind and goodness ; and to rebuild or repair the building or buildings (a reasonable deduction being allowed for the increased value of new, in replacing old materials), within a reasonable time, giving notice of their intention so to do, within thirty days after the preliminary proofs shall have been received at the office of the company." The answer of the garnishee was filed at the spring term of the court, 1886, and it is shown to have been sworn to April 15, 1886, and filed in court on the 21st day of the same month. It sets forth that the loss was adjusted and settled with the assured March 28, 1886, at sixteen hundred dollars. The answer contains this further statement : "And this garnishee says that within thirty days after the making and furnishing of the preliminary proofs of loss, it claimed the option to rebuild and replace the building so claimed to be destroyed by fire, and thereof gave notice to the said Cotton," (the assured).

The answer of a garnishee must be taken as true unless controverted. Now, the stipulations of the policy were, in no stronger sense, a promise to pay money, than they were to rebuild the house. Doing the one released the company from the performance of the other. The option of doing the one or the other was expressly reserved to the insurance company, and when it elected to rebuild, and gave notice thereof, it no longer rested under an obligation to pay money, unless it violated its promise to rebuild within a reasonable time. If the election was not in fact made, or not made in good faith, with the intention of performing it, this would furnish ground for contesting the truth of the answer. It may be that it extends farther, and would maintain an action on the case for the deceit and fraud perpetrated by such simulated election, thereby defrauding plaintiffs of their remedy. But, as we have said, we must treat the answer as true, not only because the law requires us so to treat it, but because we are without evidence on which to found any other conclusion. Taking the answer as true, there is no liability which can be reached by process of garnishment.—*Jones v. Crews*, 64 Ala. 368, which collects the authorities ; Drake on Attachment, §§ 553, 659.

There are decisions which restrict the right of recovery

[East Tennessee, Virginia & Georgia R. R. Co. v. King.]

in cases like this, to narrower limits than those declared above. They were rendered on statutes less liberal than ours.—*Davis v. Davis*, 49 Me. 282 ; *Godfrey v. Macomber*, 128 Mass. 188 ; *Martz v. Ins. Co.*, 28 Mich. 201 ; *Gies v. Bechtner*, 12 Minn. 279.   Our statute—Code, § 3269—requires the garnishee to answer, "Whether he was indebted to the defendant at the time of the levy of the attachment (service of the garnishment), or at the time of making his answer, and whether he will not be indebted in future to him by a contract then existing," and the remedial powers of the process are co-extensive with such answer.

The garnishee was discharged on his answer, to which the plaintiff excepted.   It is contended before us that in this the Circuit Court erred ; and that the garnishee should have been held until it was ascertained whether in truth and in good faith it did elect to rebuild, and whether it carried it out by actually rebuilding.   Possibly if plaintiffs had moved for such order the court would and should have granted it. We leave this question undecided.   The record fails to inform us that any such motion was made, and the court did not err in refusing to grant such order *ex mero motu*.   As a rule, to put the court in error for non-action, the party complaining must invoke action.   The present record furnishes no evidence that plaintiffs desired delay, or further answer.

Affirmed.