Dowling vs. The Lancashire Ins. Co. and others.

DOWLING, Respondent, vs. THE LANCASHIRE INSURANCE COMPANY and others, Garnishees, Appellants.

*November 17 — December 11, 1894.*

*Insurance against fire: Garnishment: When liability becomes absolute.*

An insurance policy provided that the loss should be payable sixty days after due notice, ascertainment, and satisfactory proof of the loss had been received by the company, and that it should be optional with the company to repair or replace the property lost or destroyed on giving notice of such intention within thirty days after receipt of the proofs of loss. *Held,* that until the proofs of loss had been received, and the time had elapsed within which such option might be exercised, there was no absolute liability on the part of the company which could be subject to garnishment.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

Garnishment. So far as necessary to understand the questions passed upon by the court, the facts are as follows: One Thomas Dowling was the owner of certain saloon fixtures and stock in trade in Eau Claire, and insured the same against loss by fire in the appellant companies, to the aggregate amount of $2,500. The property was destroyed by fire, December 9, 1893. Dowling was indebted to the plaintiff, *Ann Dowling,* at the time of the fire, in the sum of about $300. Three days after the fire, and before the service of proofs of loss, she sued Dowling and garnished the appellants. The appellants answered separately, denying all liability and pleading other defenses, among which was the defense that no ascertainment, estimate, or proof of loss had been made or received by the garnishee prior to the commencement of the garnishee action. After the plaintiff had obtained judgment against the defendant in the main action, the garnishee actions (which had been consolidated) were tried, and

judgment was rendered against the garnishees for the amount of her claim, with costs. The insurance policies which the appellants had issued were standard policies and contained, among other provisions, the provision, in effect, that the loss should be payable sixty days after due notice, ascertainment, and satisfactory proof of the loss had been received by the company; also, that it should be optional with the company to repair or replace the property lost or destroyed, within a reasonable time, on giving notice of such intention within thirty days after receipt of the proofs of loss. The insurance companies appeal from the judgment.

For the appellants there was a brief by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle*. They argued, *inter alia*, that this action cannot be maintained, not only because it was commenced before proofs of loss were made, but because it was begun while the garnishees still had the option under the policy to repair, rebuild, or replace the property. *McKean v. Turner*, 45 N. H. 203; *Hurst, Purnell & Co. v. Home P. F. Ins. Co.* 81 Ala. 174; *Gies v. Bechiner*, 12 Minn. 279; *Martz v. Detroit F. & M. Ins. Co.* 28 Mich. 201; *Thorp v. Preston*, 42 id. 511; *Godfrey v. Macomber*, 128 Mass. 188; *Smith v. Davis*, 1 Wis. 447. The garnishees' liability must be determined with reference to the time when the action was commenced. *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305, 309; *Edwards v. Roepke*, 74 id. 571; *Goode v. Barr*, 64 id. 659; *Wood v. Wall*, 24 id. 647; *Atlantic Ins. Co. v. Sinker, Davis & Co.* 1 Tex. App. Civ. Cas. 536; *Drake v. Harrison*, 69 Wis. 99; *Ingram v. Osborn*, 70 id. 192; *Foster v. Singer*, 69 id. 392.

For the respondent there was a brief by *Geo. C. & Fred A. Teall*, and oral argument by *Fred A. Teall*. To the point that the loss became *due* when the property insured was destroyed, they cited *Allen v. Hudson R. Mut. Ins. Co.* 19 Barb. 442; *Smith v. Cahoon*, 37 Me. 281; *Ware v. Gowen*, 65 id. 534; *Clapp v. Hancock Bank*, 1 Allen, 394.

Gage and another vs. Allen and others.

WINSLOW, J.   It has been repeatedly held by this court that a debt, in order to be subject to garnishment, must be owing *absolutely* at the time of the service of process, although it may be payable subsequently. *Edwards v. Roepke*, 74 Wis. 575, and cases there cited.   Where the question whether there will be any indebtedness or not depends entirely upon future contingencies, the garnishee cannot be held. *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305.   In this case it is clear that there was no absolute liability on the part of the insurance companies at the time of the service of process.   A liability might arise in the future after proofs of loss had been served and the time had elapsed within which the option to replace the goods might be exercised, but these were contingencies which might never happen. The authorities, generally, though not universally, sustain this view.   Drake, Attachm. § 553; *Godfrey v. Macomber*, 128 Mass. 188; *Thorp v. Preston*, 42 Mich. 511; *Hurst, Purnell & Co. v. Home P. F. Ins. Co.* 81 Ala. 174; *Gies v. Bechtner*, 12 Minn. 279; *Lovejoy v. Hartford F. Ins. Co.* 11 Fed. Rep. 63.

*By the Court.*— Judgment reversed, and action remanded for a new trial.