# SMALTZ GOODWIN COMPANY v. POPPE, INCORPORATED. RHODE ISLAND INSURANCE COMPANY, GARNISHEE.[1]

June 24, 1927.

No. 26,086.

**Under our standard form of fire insurance policy, claim after loss is not subject to garnishment if dependent on any contingency.**

A claim under a Minnesota standard form of fire insurance policy after loss is not subject to garnishment where there has been no sworn proof of loss furnished, even though there has been an adjustment of the amount of the loss under a so-termed nonwaiver agreement. The provisions of such policy, that sworn proofs of loss are to be furnished, that any attempt by the assured to defraud the insurer, before or after loss, shall void the policy, and that the insurer may replace the property damaged or destroyed instead of pay the amount of loss in money, make the debt or claim for loss dependent upon contingencies and not garnishable.

Garnishment, 28 C. J. p. 165 n. 60, 62, 68, 75 New.

Plaintiff appealed from an order of the district court for Hennepin county, Waite, J., granting defendant's motion to dismiss a garnishment proceeding. Affirmed.

*James H. L. Kelehan* and *O. A. Brecke,* for appellant.
*George T. Simpson* and *Joe McNitt,* for respondent.
*Nathan H. Chase,* for garnishee.

HOLT, J.

The appeal is from an order dismissing a garnishee proceeding.

Plaintiff, upon the disclosure, moved for judgment against the garnishee. Defendant appeared and made a countermotion for dismissal of the proceedings and discharge of the garnishee on several grounds, only one of which was held good, viz. that the debt disclosed by the garnishee "was not due absolutely at the date of

[1]Reported in 214 N. W. 762.

the service of the garnishee summons, but was then dependent upon certain contingencies."

Plaintiff asserts that the disclosure reveals no interest of defendant in the subject matter of the garnishment, since it, with the assent of the insurer, the garnishee, had assigned the policy of insurance which protected against loss from fire a stock of boots, shoes, furniture, and fixtures in the store building at 1106 Nicollet avenue, Minneapolis, and that this assignment was made nearly two months prior to October 29, 1926, when the fire occurred which gave rise, under the policy, to a claim for loss against the garnishee. But taking this position plaintiff assumes that defendant made a valid assignment of the policy. If that be so, there could be no debt due from the garnishee to defendant on account of any loss of the property covered by the policy subsequent to the assignment thereof, and plaintiff is not entitled to judgment against the garnishee as a debtor of defendant.

The garnishee disclosed these facts: It issued to defendant its insurance policy in the Minnesota standard form covering the property mentioned against loss from fire. This policy was in force when a fire on October 29, 1926, damaged or destroyed the same. It was stipulated at the disclosure that on November 3, 1926, the garnishee "entered into an agreement under a so-termed nonwaiver agreement, whereby and whereunder the amount of loss and damage resulting from the fire referred to in the disclosure herein of the garnishee herein was adjusted and agreed upon to be the amount of $3,535.56." The disclosure recites that on November 24, 1926, "proof of loss was taken." The garnishee summons was served on the garnishee on November 9, 1926.

Sixty years ago in Gies v. Bechtner & Kottman, 12 Minn. 183 (279), under a statute (L. 1860, c. 70, § 7, subd. 1, and § 8) almost word for word the same as G. S. 1923, §§ 9360 and 9361, subd. 1, it was held that a debt or claim arising out of a fire loss under an insurance policy having a provision that "any fraud or attempt at fraud or false swearing on the part of the assured shall cause a forfeiture of all claim under this policy" is prior to proof of

loss a debt or claim depending on contingencies, and is not subject to garnishment. The court saying:

"This clause manifestly embraces the whole period from the making of the contract till the preliminary proofs are furnished, and, if it becomes operative in any case, extends to the payment and defeats the right of action therefor. We think it is evident, therefore, that the payment is contingent. It is not, therefore, embraced within the statute, and is not the subject of garnishment."

What is a garnishable debt is determined by statutory provisions. Since the decision cited was rendered, the statute touching the matter has been permitted to remain virtually as it was prior thereto. As in the case cited, the insurance policy in the instant case had the provision for sworn proof of loss, and, as we understand the disclosure, this was not furnished until after the garnishee was served with the summons. The present standard fire insurance policy also contains the stipulation that it shall be void "if the insured shall make any attempt to defraud the company, either before or after the loss." This is in substance the provision above quoted from the policy in Gies v. Bechtner & Kottman, 12 Minn. 183 (279), there construed as making the debt created by a fire loss contingent and not subject to garnishment. Our standard form of a fire insurance policy also contains a provision allowing the insurer to "replace the property with other of the same kind and goodness," instead of paying for the loss occasioned by the fire.

Under statutory provisions similar to ours respecting debts being absolute and not dependent on contingencies to be garnishable, there are holdings that prior to making proof of loss or that when there is an option to replace instead of to pay the amounts of the loss in cash the insurer is not subject to garnishment: West Florida Grocery Co. v. Teutonia Fire Ins. Co. 74 Fla. 220, 77 So. 209, L. R. A. 1918B, 968; Godfrey v. Macomber, 128 Mass. 188; Davis v. Davis, 49 Me. 282; Nickerson v. Nickerson, 80 Me. 100, 12 A. 880; Martz v. Detroit F. & M. Ins. Co. 28 Mich. 201; Dowling

v. Lancashire Ins. Co. 89 Wis. 96, 61 N. W. 76; Lovejoy v. Hartford Fire Ins. Co. (C. C.) 11 F. 63. Cases to the contrary under statutes not like ours are cited in the annotation to Finch v. Great Am. Ins. Co. found in 38 A. L. R. 1068.

We cannot give much effect to the adjustment of the loss six days prior to the service of the garnishee summons, for this, the disclosure stipulates, was had under a nonwaiver agreement. As we understand, this means that, although the parties agreed the fire caused a damage in the stipulated sum, the insurer thereby waived no term of the policy. It might elect to replace the property damaged and it did not waive proof of loss or the right to claim that the policy was avoided by any attempt of the insured to defraud the company, either before or after the fire. The contingency of the debt sought to be garnisheed still remained notwithstanding the adjustment. It was not such an adjustment as would constitute a cause of action taking the place of a claim under the policy.

The order is affirmed.