## JOHN M. BALKHAM *versus* WILLIAM P. LOWE & Trustee.

Property may sometimes be in such situation, that a person may be charged as trustee on account of it, where at the same time a direct attachment of the property might have been made.

Where a vessel was built by one man, and the materials were furnished by another who was to receive towards the payment an eighth of the vessel at a stipulated price per ton, and the parties settled their account wherein the eighth was charged and allowed as paid in the adjustment, and the papers were taken out by the builder in his own name, with the assent of the person furnishing the materials ; — *it was held,* that the former might be charged as the trustee of the latter.

THE question arose upon the disclosure of William Stetson, who had been summoned as the trustee of Lowe, the debtor. The answer was made in June, 1839. W. Stetson and his brother built a schooner of about ninety tons, and launched her in July, 1838. Lowe furnished materials for building the schooner, and was to have one eighth at twenty-eight dollars per ton towards payment for the materials furnished. When the schooner was finished, the papers were taken out in the name of W. Stetson, as it was expected, at the time, that he should sell Lowe's eighth if he could. He did not succeed in effecting a sale. A settlement was made by him with Lowe, in which he charged Lowe with the eighth of the schooner at

$28 per ton, and took a note for the balance due from Lowe for the eighth of $57. He " gave no bill of sale of the eighth, supposing nothing further was necessary, and did suppose, and does now suppose, that the business respecting the schooner was also settled." It did not appear from the disclosure, unless from the above statements, who had been in possession of the schooner. EMERY J. was of opinion that the trustee should be discharged, to which the plaintiff excepted.

*B. Bradbury*, for the plaintiff, contended that Stetson had one eighth of the schooner in his hands, belonging to the debtor. The title was in Stetson. He built her ; the papers were in his name ; he had the possession, and Lowe had paid for the eighth in full.

*J. Granger*, for the trustee, said that Lowe was one of the original builders of the vessel, and it was no more necessary that Stetson should give Lowe a bill of sale, than that the latter should give Stetson one. But had Stetson been the owner, it was not necessary to give a bill of sale to pass the property in the eighth to Lowe. Like any other chattel, it would pass by delivery. *Taggard v. Loring*, 16 Mass. R. 336 ; *Lamb v. Durant*, 12 Mass. R. 54 ; 3 Kent's Com. 130. A bill of sale is only necessary to enable the purchaser to take out the papers, and to have her treated as a vessel of our own. The eighth was open to attachment by the ordinary process of law, as the property of Lowe, and Stetson is not his debtor, and has none of his property.

The opinion of the Court was by

WESTON C. J. — It appears from the disclosure, that the supposed trustee and his brother built the vessel in question, that Lowe, the principal debtor, furnished the materials, for which he was to become the owner of one eighth. This was matter of contract, and while it so remained, did not invest him with the rights of· an owner. It was agreed, that the papers should be taken out in the name of the trustee, so that whatever interest Lowe had, was left in his hands. An adjustment afterwards took place between them ; and the trus-

tee charged Lowe with one eighth, the papers remaining unchanged. It does not appear, that Lowe took any delivery. This may not be necessary or practicable, where only part of a vessel is sold, but it would seem, that if the vendee does not have or take possession, that he should receive some evidence or muniment of title. Without it, the sale may be good between the parties ; and perhaps possession by the vendor, as owner of the part, he retains, might enure to the benefit of the vendee, yet his title under such circumstances is, to say the least of it, liable to be brought into controversy. Abbot on Shipping, 12. Kent, treating of the sale of part of a ship, says, " delivery of the muniments of title will be sufficient, unless the part owner be himself in the actual possession." 3 Kent's Com. 132. *This seems to* imply that the one or the other is necessary to perfect a sale.

A direct attachment of the eighth in question, as the property of Lowe, might have created a lien in favor of the attaching creditor. Whether it would have prevailed, if the trustee had been summoned as such at the suit of another creditor of Lowe, may be questionable. And whether it might not have been exposed to be attached as the property of the trustee, may not be altogether free from doubt. In the actual posture of the case, we think the process of foreign attachment ought to be sustained. It may sometimes be proper, where a direct attachment might also have answered the purpose. Where goods are deposited for safe keeping, the bailee may be summoned and charged as a trustee ; and yet if the officer can get access to the goods, he may doubtless take them, on a common writ of attachment against the general owner.

*Trustee charged.*