## DANLEY ET AL. VS. THE STATE BANK.

The act of the Legislature, exempting the debtors of the State Bank from process of garnishment, declared constitutional; and the decision in *The State et al. vs. Curran,* (7 *Eng.* 322,) as to this point, re-affirmed.

*Appeal from Pulaski Circuit Court.*

Hon. WILLIAM H. FEILD, Circuit Judge.

PIKE & CUMMINS contended: That, as the chancery cause, set up in the plea, was first instituted, and the subject matter drawn in controversy there; and that the plaintiff was bound to defend in the chancery suit successfully before she could harrass the defendants at law by a second suit for the same cause of action; that the court which first obtains or assumes jurisdiction over the parties and subject matter, can alone judge of that jurisdiction; that, although this court has decided the principle here involved,

in the case of *State et al. vs. Curran,* (7 *Eng.* 364,) the chancery court having the case before it, should be permitted to decide it.

S. H. HEMPSTEAD, for the Bank. The only question in this case is, whether a debtor of the State Bank is subject to garnishment by a creditor, and this is decided in favor of the bank, in the case of *The State vs. Curran,* 7 *Eng.* 322.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of debt, upon a promissory note, payable to the Bank. Martin made default, but Danley interposed two pleas, (to which the Bank demurred,) setting up, in substance, that Curran had filed his bill in chancery against the Bank, the said defendant Danley, and others, before the institution of this suit, in which he had alleged that he had obtained certain judgments at law against the Bank upon her issues for circulation, and for their satisfaction had in vain exhausted all his remedies at law. That the Bank had certain equitable assets, which he specified, and, among them, the debt in this declaration mentioned, which he prayed the court to cause to be discovered and made subject to the satisfaction of his judgments. That, in obedience to the subpœna, said defendant Danley had appeared, and by his answer had admitted his alleged indebtedness to the Bank, but had set up that he was not subject to be garnisheed as the debtor of the Bank, and that said chancery court had not authority or jurisdiction to grant the relief sought in the premises, and that said chancery cause was still pending and undetermined, and prayed judgment of said writ and declaration, that the same might be quashed. Which pleas were verified by affidavit.

The court sustained the demurrer, and gave judgment in favor of the Bank, to which both defendants sued out a writ of error to this court.

The only question which, as we think, is properly raised by the demurrer, is as to the constitutionality of the act of the Legislature, which enacts that no person indebted to the Bank shall

3BB

be subject to be garnisheed by any person having a claim or debt against the Bank, it appearing perfectly manifest that it was the design of the Legislature, as this court has heretofore said, in the case of *The State et al. vs. Curran*, (7 *Eng.* 364,) to embrace, by that enactment, not only proceedings at law, but in chancery, the same being clearly within the mischief, and therefore embraced within the equity of the statute.    There can be no pretence that the enactment in question denies *all* remedy; and, admitting that "the obligation of a contract, in the sense in which those words are used in the constitution, is that duty of performing it which is recognized and enforced by the laws;" and that if "the law be so changed that the means of legally enforcing this duty are materially impaired, the obligation of the contract no longer remains the same," the act of the Legislature in question is by no means obnoxious to such an objection; because it can be a matter of no moment to the complainant below whether he subjects the money due by Danley to the Bank, to the payment of his debt in the hands of Danley, the debtor, or of Ross, the Financial Receiver of the Bank, or of a trustee, who might be appointed by the court, in a proper case, to collect the debts in the name of the Bank for the benefit of her creditors.    So that his remedies are not substantially impaired or materially burthened: he has no cause to complain; while a sovereign State would be in humiliating vassalage to the Federal Judiciary, if unable to protect the debtors of a public institution of her own from the harrassing suits and needless annoyance of every accidental bill-holder, who might choose to take his "pound of flesh" from where his caprice might dictate..    So that the courts of justice are open to him upon terms that do not deny his right, or unreasonably burthen or delay his remedy, it does not lay in his mouth to object that other creditors of other debtors are allowed privileges that are denied to him.    Matters of grace and favor to one, are no ground for a claim of right for another, nor is it inconsistent with the principles of a free government to extend her grace and favor to par-

ticular classes of her citizens only, when it may be necessary to ameliorate calamity or promote public policy.

In no view presented to our minds is the act of the Legislature in question unconstitutional; and when taken as valid, and as comprehensive as we have considered it, the pleas in question set up no defence to this action; and, in our opinion, were property held bad. Judgment affirmed.

WATKINS, C. J., not sitting.