## Francis Martz and others v. The Detroit Fire & Marine Insurance Company.

*Garnishee proceedings.* The right to hold a garnishee defendant liable depends upon the state of the claim, as one garnishable or not, at the time of the service of the writ of garnishment.

*Insurance: Garnishment: Right of election: Liability: Statute construed.* Under a policy of insurance giving the insurer the right to elect whether to replace the articles lost or damaged, or to take the goods at their appraised value, or to rebuild or repair the building, etc., the insurance company, after loss and while this right of election continued undetermined, is not liable as garnishee of the insured; their liability to pay money to the insured cannot be said to have become absolute and independent of any contingency, as required by the statute, (*Comp. L.* § *6503, Sub. 3*), so long as this right of election remained open.

*Heard October 15. Decided October 31.*

Error to Wayne Circuit.

*Otto Kirchner,* for plaintiffs in error.

*C. E. Warner* and *Moore & Griffin,* for defendant in error.

GRAVES, J.

On the 18th of December, 1872, the plaintiffs in error sued Adolph Hebel, in assumpsit, in the circuit court for Wayne county, and subsequently obtained judgment, part of which has continued unpaid.

Coincident with the commencement of such suit against Hebel, the plaintiffs in error also proceeded against the insurance company by garnishee process, which was served at the same time.

In this proceeding it was alleged that the company were indebted to Hebel, and also that they had property, money, goods, chattels, credits, and effects in their hands, or under their control, belonging to him. On the 29th of January following the company made disclosure from which it appeared that on the 27th of May, 1872, the company insured Hebel against loss by fire on a stock of groceries,

liquors, etc., to the amount of one thousand seven hundred dollars, and against such loss to the amount of three hundred dollars on store furniture and fixtures. The disclosure further stated that no proof of loss had been furnished, and denied all indebtedness, and also denied that the company had possession or control of any property of Hebel at or after the service of process.

The policy given to Hebel contained the usual conditions, and among them that ordinarily employed to require notice and preliminary proof of loss. The tenth article of the conditions was in these terms:

"10. In case of any loss on or damage to the property insured, it shall be *optional* with the company to *replace the articles* lost or damaged with others of the same kind and quality, or to take the goods at their appraised value, or to rebuild or repair the buildings within a reasonable time, giving notice of their intention so to do within thirty days after having received the preliminary proofs of loss required by the ninth article of these conditions. In case differences shall arise concerning the amount of any loss or damage by fire, the matter shall, at the written request of either party, be submitted to the judgment of arbitrators, indifferently chosen, whose award, in writing, as to the amount of such loss and damage, shall be binding on the parties, but such award shall not determine any question as to the liability of this company under this policy."

Shortly before the garnishee writ issued, and during the life of the policy, the whole insured property was destroyed by fire, whereby a loss was caused, within the insurance, of one thousand four hundred and eighty-one dollars and thirty-seven cents. At that time Hebel was the legal owner of the property, and rightly entitled to claim indemnity pursuant to the policy. But up to the time the garnishee summons was issued and served there had been no proof of loss, nor had the company made any election under the tenth article of the conditions.

Subsequently, however, and on the 9th of April, 1873,

Hebel complied with the provisions of the policy as to notice and proof of loss, and on the 15th of July following there was a final hearing in the garnishee proceeding on application of plaintiffs in error pursuant to the statute.— *Comp. L.*, § *6467.* And on that hearing, which was based upon facts agreed, it was shown to the court that the notice and proof of loss had been given as before stated, and also that the company had not undertaken to restore, rebuild or repair, and did not intend to do so.

The circuit court adjudged that the company were not liable, and the adverse parties brought error. The position taken by the company is that when they were sued as garnishees they were not liable in any such form as to make them amenable to these plaintiffs under the garnishee law. They insist that whether they were or were not liable to be proceeded against as garnishees depended upon the state of things at the time the process was issued and served; that their being bound at all, if they chose to waive nothing, depended upon the notice and the exhibition of the proofs of loss required by the policy, and that as no notice or proofs of loss had then been given they were within the negative provisions of the third subdivision of § *6503, Comp. L.,* which enact that no one shall be adjudged a garnishee by reason of any money or other thing due from him to the principal defendant unless it be *at the time of service of the writ of garnishment due or to become due absolutely and without depending on any contingency.*

On the other side, it is urged that the obligation of the company to indemnify was absolute as soon as the loss happened, and that the necessity for notice and proof of loss was not competent to make that obligation itself contingent; that when the loss really covered by the policy actually occurred, Hebel became invested with a distinct right as against the company for redress pursuant to the policy, a right which he could have assigned at once, and which, on being assigned, would have been as full and ample in the hands of the assignee as in his own, and that these pro-

·ceedings, under the statute, gave the plaintiffs in error the same beneficial right and position that an assignee would have had.

These opposing views directed to the bearing of the agreement in the policy for notice and proof of loss, and the want of such notice and proof when the writ was served, upon the liabliity of the company in this case, raise a question not free from difficulty; and as the judgment was against the liability of the company, and the admitted facts afford another ground which we think pretty clearly establishes that in view of the statute last cited, the claim against the company lacked the fixed and absolute character needed as a warrant for garnishee process, we shall not decide it.

It is undoubtedly true that the right to hold the company upon the garnishee process depended upon the state of the claim as one garnishable or not at the time of service. And as at that time, if we admit that the company were then fixed with a *liability to indemnify according to the policy*, it was wholly uncertain and undetermined whether, in the exercise of their privilege under the policy, they would replace the destroyed property, and so indemnify in that mode, or would pay the loss in money, their liability was contingent within the meaning of the statute.

The contract of insurance, and which the plaintiffs in error seek to enforce and uphold, and do not assail, secured to the company the right to elect between restoring, repairing and rebuilding on the one hand, and paying the loss in money on the other, and this right to elect either of these modes of indemnity was absolute and exclusive. It subsisted at the time of service of the writ, and while it continued it was not admissible to charge the company definitely upon the one or the other form of indemnity. Neither Hebel, nor any one intervening in his place, could extinguish this right of election and reduce the claim to a determinate character, and while the right to choose resided in the company the way in which they were to be respon-

sible was undecided and uncertain, and the right of Hebel was a right to insist that the company should decide agreeably to the contract, and that he should have eventual indemnity in precisely that form which should be ultimately settled upon. While the matter was in this stage he was neither invested with the right to indemnity in money or with the right to indemnity by replacement. Though entitled to demand that the company should perform in one of two ways, the way was at their option, and uncertain and contingent, and while the right of election existed and resided in the company there could be no right in Hebel or any other party to maintain that the obligation had become specific and legally distinguishable, so as to be distinctly and separately enforced against the company.

I am therefore of opinion that the judgment of the circuit court was correct, and should be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.