JOHN THORP, GARNISHEE OF EDWARD A. ELLIOTT v. DAVID PRESTON ET AL.

CARL VOGEL, GARNISHEE v. DAVID PRESTON ET AL.

*Garnishment applies to liquidated claims.*

A tenant cannot be garnished for rent payable in the future, and not absolutely due at the time of garnishment.

Comp. L., § 6503, in providing that demands to become due, absolutely, may be garnished, refers only to claims which are already fixed in amount or capable of being fixed, and not dependent for their validity or amount on anything to be done or earned in the future, or the continued liability for which may be changed by events.

A claim under an insurance policy is not garnishable if the company has the right to elect whether to pay for the property lost or replace it.

Error to the Superior Court of Detroit. Submitted January 13. Decided January 20.

GARNISHMENT. The garnishees bring error.

*Ed. E. Kane* for plaintiff in error.

*Julian G. Dickinson* for defendant in error.

CAMPBELL, J. Thorp and Vogel were summoned as garnishees in a suit in favor of David Preston and John L. Harper against Edward A. Elliott. Each of them was shown to be a tenant of Elliott, under leases to run for sometime thereafter. All rent was paid which had accrued up to the time of garnishment. A receiver was appointed to receive the rents, and ultimately these were made the basis of a judgment against each garnishee.

The statute declares that no person shall be adjudged a garnishee " by reason of any money or other thing due from him to the principal defendant, unless it be at the time of the service of the writ of garnishment due or to become due, absolutely and without depending on any contingency." Comp. L., § 6503.

It is quite clear that rent payable in future is not due absolutely and without any contingency to the owner of a fee at the time of garnishment. It may at any time be stopped as to Elliott by a sale of the land to a third person, or by surrender of the lease, or by ouster in any way. The statute concerning demands payable in the future refers to claims which are already fixed in amount or capable of being so fixed, and which do not depend for their validity or amount on anything to be done or earned in the future, or the continued liability for which may be changed by events. In *Martz v. Detroit Fire & Marine Ins. Co.*, 28 Mich., 201, it was held that a claim which had already arisen under an insurance policy was contingent so long as the company had a right of election to pay or replace the property destroyed. In that case there was an absolute duty to do one or the other, but the right to elect made it uncertain which responsibility would be found ultimately to exist. In the present case there was no absolute certainty of any future liability whatever to Elliott.

The judgment must be reversed with costs of both courts.

The other Justices concurred.