## FISCHER *v.* DAUDISTAL.*

*(Circuit Court, E. D. Pennsylvania. April 16, 1881.)*

1. FOREIGN ATTACHMENT—COLLECTOR OF CUSTOMS—GOODS HELD FOR DUTIES.
   A United States collector of customs cannot, in a foreign attachment proceeding in a state court, be made garnishee with respect to goods of the defendant held for duties; and if he is served with a writ of attachment in such proceeding the service will be set aside.

2. REMOVAL OF CAUSES—COLLECTOR OF CUSTOMS SERVED WITH ATTACHMENT.
   The collector may, if served with such attachment, remove the suit to the United States circuit court, under section 643 of the Revised Statutes.

Motion to remand case to state court, and motion to quash writ of foreign attachment:

This was a suit of foreign attachment brought in a state court by Frederick Fischer against Philip Daudistal. By an indorsement on the writ the sheriff was directed to attach the goods and chattels of defendant in the possession of the Red Star Line, (Peter Wright & Sons, agents,) the Pennsylvania Railroad Company, and John F. Hartranft, collector of the port of Philadelphia. The sheriff returned that he had attached as commanded and summoned as garnishees the Red Star Line, the Pennsylvania Railroad Company, and John F. Hartranft, collector of the port of Philadelphia. Subsequently, in the same suit, the plaintiff filed a petition setting forth that under the writ of foreign attachment the sheriff had seized, on the wharf of the Red Star Line, 14 casks of wine imported from Europe by, and consigned to, the defendant, subject to claims for duties payable to the United States; that the customs officers had taken possession of the wine and stored it in the bonded warehouse; that plaintiff, as attaching creditor, had tendered to John F. Hartranft, collector of the port of Philadelphia, the duties payable on said wine, and had requested him to receive the same and deliver up the goods to the sheriff, but that he refused so to do. Plaintiff prayed for a rule on the collector to show cause why he should not receive the duties and surrender the goods into the custody of the court. A rule having been granted in accordance with this prayer, John F. Hartranft, the collector, obtained a *certiorari* from the United States circuit court to remove the record to that court. The record was duly certified, whereupon plaintiff moved to remand, and the collector moved to quash the writ of attachment as to him.

These motions were argued before McKENNAN, C. J., and BUTLER, D. J.

*Lewin W. Barringer,* for plaintiff.

This suit is not brought against the collector, and he is not a party defendant. As garnishee he is only collaterally interested, and cannot remove the suit. Part of a controversy only cannot be removed. *Hervey* v. *Railroad Co.* 7 Biss. 103. The title to the property was in the consignee, and the pri-

*Reported by Frank P. Prichard, Esq , of the Philadelphia bar.

· ority of the United States is only a " priority of payment, but not of posses-
sion." It is in the nature of a lien or mortgage for the payment of the
duties. *Conard* y. *Atlantic Ins. Co.* 1 Pet. 441; *Tracy* v. *Swartwout*, 10 Pet.
95; *U. S.* v. *Lyman*, 1 Mason, 499; *Howland* v. *Harris*, 4 Mason, 497. The
custody of the collector is superseded and discharged when the property is
seized under legal process. *U. S.* v. *Case of Silk*, 13 Int. Rev. Rec. 58. The
case of *Harris* v. *Dennie*, 3 Pet. 292, relied on by the collector, has been over-
ruled in *Conard* v. *Pacific Ins. Co.* 6 Pet. 271. The property being in the
custody of the court it had power to make the order asked for. *Buch* v. *Col-
bath*, 3 Wall. 341. The duties having been tendered to the collector he has
no longer any right to interfere.

*John K. Valentine,* U. S. Dist. Atty., for the collector.

This proceeding being against an officer acting under a revenue law, on
account of a right claimed by him, is within section 643, Rev. St. A foreign
attachment is a suit within the statute. *Taylor* v. *Carryl*, 20 How. 597;
*Weston* v. *City Council of Charleston*, 2 Pet. 464. In this case an attempt
is made to compel the collector to accept the duties—an act which he could not
be compelled to do by *mandamus*. *Kendall* v. *U. S.* 12 Pet. 526; *McClung* v.
*Silliman*, 6 Wheat. 598; *Same* v. *Same*, 2 Wheat. 369; *McIntire* v. *Wood*, 7
Cranch, 504; *Marbury* v. *Madison*, 1 Cranch, 137. Attachments issued out
of a state court do not affect the rights of the United States to hold the mer-
chandise until the payment of duties. *Harris* v. *Dennie*, 3 Pet. 292. This
case was not overruled by *Conard* v. *Pacific Ins. Co.* 6 Pet. 262. Judge Story
delivered the opinion of the supreme court in both cases, and in the latter
case Judge Baldwin, in the court below, expressly distinguished them. The
doctrine of *Harris* v. *Dennie* was reaffirmed in *Taylor* v. *Carryl*, 20 How. 594.
See, also, *U. S.* v. *Lyman*, 1 Mason, 482

The court filed a decree refusing the motion to remand, and setting
aside the service of the writ as to John F. Hartranft, the collector.
No opinion was filed.

---

## *In re* YOUNG.

*(Circuit Court, N. D. Illinois.* November 3, 1881.)

1. BANKRUPTCY—APPLICATION FOR A DISCHARGE—WHEN SEASONABLE.
   The application of a bankrupt for a discharge is seasonable if made before
   the final disposition of the case.

2. CASE STATED.
   Order denying a bankrupt his discharge for want of timely application
   reversed, where the application was made before a final order closing the case,
   though after an order permitting a creditor to move for a final order.

*James Coleman,* for bankrupt.
*John W. Ranstead, contra.*