GEORGE H. WHITE v. WILLIAM B. LEDYARD, ADM'R.

*Garnishment process against administrator.*

Garnishment proceedings cannot be revived against the administrator
    of a garnishee who died without making disclosure and against whom
    no default was taken.

Error to the Superior Court of Grand Rapids.   Sub-
mitted April 14.   Decided April 25.

GARNISHMENT.· Defendant brings error.  Reversed.

*Norris & Uhl* for appellant.  The Garnishment Act does not authorize proceeding against an administrator, originally or by revivor:  *Tate v. Morehead* 65 N. C. 681;  *Wheeler v. Bowen* 20 Pick. 564;  *Dane v. Dane Man'f. Co.* 14 Gray 488; though in some states authority is given to garnish administrators:  *Todd v. Darling* 11 Me. 34;  *Chapman v. Gale* 32 N. H. 145;  *Wheeler v. Bowen* 20 Pick. 564.

*Blair, Kingsley & Kleinhans* for appellee.

MARSTON, J.   On the 11th day of July, 1876, George H. White commenced an action in the Superior Court of Grand Rapids against the Michigan & Ohio Plaster Company, and on the following day garnishee proceedings were commenced against Moses V. Aldrich.   The writ was served the same day and was made returnable July 31st.

Moses V. Aldrich did not appear nor did he make any disclosure.   On the 8th day of December, 1879, Aldrich died, and on the 23d day of January, 1880, Ledyard was duly appointed administrator.   On the 24th day of September, 1881, the death of Aldrich was suggested of record and the cause revived in the name of Ledyard, administrator.

October 24, 1881, Ledyard, administrator, caused his appearance to be entered, and his default for want of a disclosure was entered November 14, 1881, and made absolute November 19th, and judgment by default rendered December 2, 1881, against him, Ledyard, as administrator, for $997.90, the amount of the judgment and costs rendered against the principal defendant.

We need not consider the several errors assigned, as there stands out prominently one error fatal to the proceedings.

Judgment can be rendered against a garnishee defendant either upon disclosure made, or upon default for want thereof.   At the time of the death of Aldrich no disclosure had been made and no default entered for want thereof. When the cause was revived against the administrator, he, as such, had neither the requisite knowledge nor authority

to make a disclosure binding upon the estate. It may be that in some cases an administrator could, after a careful examination of the books and papers of the deceased, be able to state whether a certain indebtedness did in fact exist. It cannot however be expected that generally an administrator could qualify himself to make such a disclosure as the statute contemplates in garnishee cases. And his admissions if made would not bind the estate. *Fish v. Morse* 8 Mich. 34. If he could not, then the only object of reviving the suit in his name, would be to enable the plaintiff to take a judgment against him by default. This however is not the way pointed out by statute for the allowance and collection of claims against an estate, and no such method as was resorted to in this case could ever have been contemplated, or is authorized by the statute relating to garnishees. This view is strengthened by the fact, that had Aldrich died before the commencement of the garnishee suit against him, no such suit could have been commenced against his administrator. See also *Blake v. Hubbard* 45 Mich. 1.

The judgment must be reversed with costs of both courts.

The other Justices concurred.