JESSE ALLEN *vs.* ANDREW R. WRIGHT.
JOSEPH D. ALLEN *vs.* THOMAS S. BUTMAN.
JESSE ALLEN *vs.* SAME.

Bristol.   Oct. 24, 1882. — March 5, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

An attachment of mortgaged personal property in the possession of the mortgagor is invalid, if the mortgagee, summoned as trustee, under the Gen. Sts. c. 123, § 67, is a resident of another State, and has no usual place of business in this Commonwealth.

The mortgagee of goods attached, while in the possession of the mortgagor, by an invalid attachment, may maintain replevin against the attaching officer.

Money held under an invalid attachment may be recovered of the attaching officer in an action for money had and received.

THE FIRST CASE was an action of tort against the sheriff of Bristol for the acts of his deputy, Thomas S. Butman, in attaching and keeping possession of the plaintiff's goods. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The facts, so far as material to the point decided, appear in the opinion.

THE SECOND CASE was an action of replevin of certain personal property. The defendant, a deputy sheriff, justified under the same attachment which was the subject of the first case. At the trial in the Superior Court, without a jury, *Brigham*, C. J., ruled that the action could not be maintained, and ordered judgment for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

THE THIRD CASE was an action of contract for money had and received. The defendant, a deputy sheriff, justified under the same attachment under which he justified in the preceding cases. At the trial in the Superior Court, before *Brigham*, C. J., without a jury, it appeared that the money sued for was received by a keeper placed in the plaintiff's shop by the defendant, in payment of goods sold after an attachment thereof by the defendant, and was paid by the keeper to the defendant, who attached it, together with the goods first attached, by a second attachment.

The judge ruled that the action could not be maintained; and ordered judgment for the defendant. The plaintiff alleged exceptions.

The three cases were argued together, by *W. C. Parker*, for the plaintiffs; and by *H. M. Knowlton*, (*T. F. Desmond* with him,) for the defendants.

MORTON, C. J. In the first case, we are of opinion that the ruling of the Superior Court, that the second attachment made by the defendant's deputy was valid, was erroneous. This attachment was made on January 31, 1881, upon a trustee process, in which Joseph D. Allen, the mortgagee of the goods attached, was summoned as trustee; he was described as " of Little Compton in the State of Rhode Island, mortgagee of said Jesse Allen." There was no allegation that he had a usual place of business in this Commonwealth.

The statute provides that " personal property of a debtor subject to a mortgage, and being in the possession of the mortgagor, may be attached in the same manner as if it was unencumbered; and the mortgagee or his assigns may be summoned in the same action in which the property is attached, as the trustee of the

mortgagor or his assigns, to answer such questions as may be put to him or them by the court or their order touching the consideration of the mortgage and the amount due thereon." Gen. Sts. *c.* 123, § 67. Pub. Sts. *c.* 161, § 79.

Before this provision was enacted, by the St. of 1844, *c.* 148, a creditor had two modes in which he might attach mortgaged personal property. He could attach it in the same manner as if it were unencumbered, provided he paid to the mortgagee the amount for which it was liable, within the time prescribed by law, after due demand; or, if the property was in the possession of the mortgagee, he could summon him as the trustee of the mortgagor by the trustee process. The object of the St. of 1844 was to extend the trustee process to the case where the mortgaged property is not in the possession of the mortgagee, but remains in the hands of the mortgagor. It gave the creditor the option in such case to attach the property by a writ of summons and attachment, or to resort to the trustee process. If he adopts the latter course, he does so subject to the rules of law which regulate the trustee process. It was not intended to give a new process, or to alter the old process of foreign attachment, except to extend its operation to the case where the mortgaged property was not in the manual possession of the mortgagee. This was so held in *Kent* v. *Lee*, 9 Gray, 45, where a process under the St. of 1844, *c.* 148, § 2, was dismissed because it was served by a separate summons, as in the ordinary case of an attachment of goods, instead of being served as the law directed for the service of a trustee process. If the Legislature had intended to change the trustee process and make non-resident mortgagees liable to be summoned as trustees, it would undoubtedly have made provision for service upon or notice to them, as it has carefully done in reference to absent defendants. The omission to do this is a significant indication that such was not its intention.

In the case at bar, therefore, as the attaching creditor elected to bring a trustee process, his action must be governed by the rules of law which regulate such process.

It has long been held that a resident and inhabitant of another State is not within the jurisdiction of our courts so as to be liable to be summoned as a trustee, although he is found

here and served with process, and even although the property sought to be held was assigned to him in this State under a common law assignment for the benefit of creditors. *Tingley* v. *Bateman*, 10 Mass. 343. *Ray* v. *Underwood*, 3 Pick. 302. *Hart* v. *Anthony*, 15 Pick. 445. *Danforth* v. *Penny*, 3 Met. 564.

Recent legislation has extended the law so that non-residents who have a usual place of business within this Commonwealth are liable to the trustee process; but the statutes in force when this attachment was made clearly imply that no person who is not insolvent can be summoned as trustee, unless he has a usual place of business in the Commonwealth. Gen. Sts. *c.* 142, § 1. St. 1870, *c.* 194. See also Pub. Sts. *c.* 183, § 1.

In the case before us, the trustee was alleged to be and was an inhabitant of Rhode Island, having no usual place of business in this Commonwealth. The creditor's action being by trustee process, the attachment made therein was invalid. *Porter* v. *Warren*, 119 Mass. 535.

In the second case, having decided that the attachment under which the defendant justifies was invalid, it follows that the plaintiff, holding a mortgage of the attached goods, which is admitted to be valid, is entitled to maintain this action. *Boynton* v. *Warren*, 99 Mass. 172.

The question argued by the defendant, as to what might be the effect of a judgment charging the trustee in the suit in which he attached the property, is not before us, as no such judgment has been rendered.

In the third case, we can see no ground upon which the defence can be maintained, except the ground set up in the answer, that the defendant legally attached the money sued for, and holds it by virtue of such attachment. But as we have decided that the attachment by virtue of which he claims to hold it was illegal and invalid, it follows that the defendant has in his hands, without right, money which belongs to the plaintiff. To recover this, an action of contract for money had and received is a proper remedy.

The result is, that in each case the entry must be

*Exceptions sustained.*