## JESSE ALLEN vs. ANDREW R. WRIGHT.

Bristol. Oct. 25. — Dec. 4, 1884. FIELD & W. ALLEN, JJ., absent.

If an attachment of mortgaged personal property in the possession of the mortgagor is invalid, because the mortgagee, summoned as trustee under the Gen. Sts. c. 123, § 67, is a resident of another State, and has no usual place of business in this Commonwealth, it is immaterial, in an action by the mortgagor against the attaching officer, that another person, a resident of this Commonwealth, is also named in the writ as a trustee.

At the trial of an action against an officer for attaching the plaintiff's goods, the defendant justified under a writ, which described a person summoned as trustee as the "mortgagee" of the plaintiff; and throughout the trial the defendant treated the property attached as mortgaged property. *Held,* that the defendant was not entitled to a ruling that there was no evidence of any mortgage on the plaintiff's goods, or that the mortgage, if any, was recorded.

At the trial of an action against an officer for attaching the plaintiff's goods, the evidence was that the defendant attached the "stock of goods" in the plaintiff's store; and that a certain person had a mortgage upon "said stock of goods."

*Held,* that the defendant was not entitled to a ruling that there was no evidence that all the stock of goods in the store at the time of the attachment was included in the mortgage, and that an attachment of goods not included in the mortgage would be lawful.

TORT against the sheriff of Bristol for the acts of his deputy, in attaching and keeping possession of the plaintiff's goods. After the former decision, reported 134 Mass. 347, the case was tried in the Superior Court, before *Pitman,* J. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*H. M. Knowlton,* ( *T. F. Desmond* with him,) for the defendant.
*W. C. Parker,* for the plaintiff.

MORTON, C. J. When this case was before us last year, it was held that the attachment made on January 31, 1881, was invalid, because it was an attempt to attach by trustee process mortgaged goods in the possession of the mortgagor, when the mortgagee, summoned as a trustee, was not a resident of, and had no place of business in, this Commonwealth. *Allen* v. *Wright,* 134 Mass. 347. No new facts were disclosed at the second trial which affect this decision.

The fact that another person, a resident of this State, was named in the writ as a trustee, is immaterial. The decision was, not that the court had no jurisdiction to entertain the writ against the principal defendant, but merely that the attachment of the mortgaged goods was invalid. The Superior Court rightly so ruled.

At the second trial, after the evidence was closed and the arguments to the jury were begun, the defendant asked the court to instruct the jury that there was no evidence of any mortgage upon the plaintiff's stock of goods, or that the mortgage, if any, was recorded. The defendant, in the writ under which he attempted to justify, described Joseph D. Allen, of Little Compton, as the "mortgagee of said Jesse Allen," and throughout the trial treated the property attached as mortgaged property. This was sufficient evidence, and dispensed with the necessity of formal proof that Joseph D. Allen held a valid mortgage. The court properly refused the instruction prayed for.

The defendant also asked the court to instruct the jury that there was no evidence that all the stock of goods in the store on

January 31, 1881, was included in the mortgage; and that an attachment of goods not included in the mortgage would be lawful. The evidence was that the defendant attached the "stock of goods" in the store, and that Joseph D. Allen had a mortgage upon "said stock of goods." These expressions include all the stock of goods. As this evidence was not in any respect contradicted or controlled, the court could not properly give the instruction requested. *Exceptions overruled.*