*W. O. Kyle*, for the defendant.
*H. J. Edwards*, for the plaintiff.

---

SIMON SIMMONS *vs.* JOSEPH WOODS.

Suffolk. Jan. 14. — May 6, 1887. HOLMES & GARDNER, JJ., absent.

If the alleged mortgagee of personal property is summoned, under the Pub. Sts. c. 161, § 79, as trustee of the alleged mortgagor in an action against the latter in which the property is attached, under the Pub. Sts. c. 161, §§ 69, 70, and the trustee's answer disclaims all right as mortgagee, and shows that there is no mortgage and no debt, the discharge of the trustee by the plaintiff does not dissolve the attachment.

TORT, for the conversion of a counter for a liquor saloon, a beer-pump, forty feet of lead pipe belonging thereto, two large mirrors, and a quantity of shelving. Answer, a general denial.

Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, a constable of the city of Boston, attached the goods in question by virtue of two writs issuing out of the Municipal Court of the city of Boston, wherein the Tahanto Manufacturing Company was the plaintiff and William O'Neil was the defendant, and John W. Cobb was summoned as trustee.

It appeared by the returns of the officer upon these writs, that certified copies of the writs and of the returns of the attachments were deposited in the office of the clerk of the city of Boston, where the attachments were made, under the Pub. Sts. c. 161, §§ 69, 70.

At the time of said attachment on each of said writs, there stood of record an undischarged mortgage in the office of the city clerk of Boston, which purported to cover said property and to have been executed and delivered by O'Neil to Cobb; and the plaintiff in those writs, knowing these facts, summoned Cobb, the mortgagee, as trustee therein.

Said actions were duly entered in court, and Cobb appeared and filed answers, that in the first action being a denial that he had any of the goods, effects, or credits of O'Neil in his posses-sion at the time of service upon him; and that in the second action being a similar denial, and also containing the following: " And said Cobb, further answering, says, that he is informed that he, the said O'Neil, executed a mortgage upon certain personal property to him, which mortgage he, said Cobb, never saw, and that the same was never delivered to him, and he never paid any consideration for said mortgage."

The plaintiff, at the time of bringing the writs in the two actions, had no reason to believe, and did not believe, that Cobb had any other property in his hands belonging to O'Neil, or had any interest in any other property of O'Neil beyond the mortgage herein mentioned, and he was made trustee in said writs because he was named as mortgagee in said mortgage.

The plaintiff, after the filing of said answers by Cobb as trustee, and without further proceedings thereon, voluntarily discharged him in both actions, and no other proceedings having relation to said mortgage or to said trustee were ever had thereon.

The defendant in this action purchased the property in question, and took possession of the same. Executions against O'Neil were duly issued, and demand for the goods was made upon this

defendant by this plaintiff for the purpose of levying the executions thereon, but the defendant refused to surrender the goods to the plaintiff for that purpose, and thereupon he brought this action.

The defendant asked the judge to rule as follows: "1. The plaintiff's right to recover depends upon the existence and validity of the attachment at the time of said demand and at the time of the bringing of this action. 2. The discharge of Cobb as trustee, under the circumstances, operated as a discharge of the attachment, if any existed, and the plaintiff cannot recover. 3. Upon the facts proven and admitted, no valid attachments existed at the time of the demand, nor at the time of the bringing of this action, and, the plaintiff's right to recover depending upon the validity of such attachments and their existence at those times, he has not such an interest in this property as will entitle him to recover in this action."

The judge ruled that the discharge of the trustee, under the circumstances, discharged the attachments; that the officer's right to possession as bailee, resting upon such attachments, was vacated thereby; that no valid attachments existed upon said writs at the time of the demand and at the time of the bringing of this action; and that the plaintiff could not recover.

A finding was accordingly entered for the defendant; and the plaintiff alleged exceptions.

*C. Steere*, for the plaintiff.

*J. Bennett & D. D. Corcoran*, for the defendant.

W. ALLEN, J. The Pub. Sts. *c.* 161, § 74, provide that personal property of a debtor that is subject to a mortgage, and of which the debtor has the right of redemption, may be attached and held as if it were unencumbered, if the attaching creditor pays to the mortgagee the amount of the debt for which it is liable, within ten days after the same is demanded. Section 79 provides that personal property of a debtor subject to a mortgage, and being in the possession of the mortgagor, may be attached in the same manner as if unencumbered, and the mortgagee summoned as the trustee of the mortgagor to answer such questions as may be put touching the consideration of the mortgage and the amount due thereon. There are further provisions for the trial, between the plaintiff and the mortgagee, of questions

concerning the validity of the mortgage and the amount due upon it, and declaring the attachment void unless the amount found 'due be paid. It is only under these provisions that mortgaged personal property can be attached, or taken on execution as the property of the mortgagor.

In this case, the writs and service were such that the attachments of the property in question were valid, under the Pub. Sts. c. 161, § 79, until avoided by non-payment, if the property was mortgaged to Cobb, who was summoned as trustee; and they were equally valid if there was no mortgage, as attachments of unencumbered property. Pub. Sts. c. 183, § 6. *Belknap* v. *Gibbens*, 13 Met. 471.

The case differs from *Allen* v. *Wright*, 134 Mass. 347, and 136 Mass. 193. In that case, there was no jurisdiction of the trustee and there was not, and could not have been, such service of the writ as to make a valid attachment.

The only question is whether the attachments were dissolved by the discharge of the trustee, so that they cannot be set up against the debtor and purchasers from him. If Cobb were not mortgagee, his discharge as trustee clearly could not affect the attachments. The only effect of inserting his name in the writ as trustee would be to require service on him and on the defendant by copy of the original writ, instead of by a separate summons. In the second of these actions, Cobb, who was summoned because his name appeared as mortgagee in the record of what purported to be a mortgage, answered that he had been informed that the debtor executed a mortgage to him; but that he never saw the mortgage, and it never was delivered to him, and he never paid any consideration for it. There was no occasion for any further examination, or for any order of the court. Nothing remained but to discharge the trustee. By the statute, the attachment was valid until the attaching creditor failed to pay a sum found due on the mortgage, and ordered by the court to be paid. There is no provision for any order where nothing is found due; and when the trustee answers that he is not mortgagee, or that there is nothing due to him, and has answered all questions which the plaintiff desires to put to him, the court can make no order for the payment of money to him, and he is entitled to be discharged. If the trustee is in fact the mortgagee,

and if he claims that there is anything due on the mortgage, he has a right to have the questions determined whether anything is due, and how much, and an order made for payment of what is due, because the attachment is valid against him until such an order is made, and therefore, if he is discharged before that question is determined, the attachment is dissolved; and this whether he has disclosed the mortgage and stated the amount due upon it in his answers, as in *Martin* v. *Bayley*, 1 Allen, 381, and *Hayward* v. *George*, 13 Allen, 66, or has made a general answer denying effects in his hands, which is in effect appearing for examination, as in *Goulding* v. *Hare*, 133 Mass. 78. Whether, when a trustee fails to appear (see *Flanagan* v. *Cutler*, 121 Mass. 96), or appears and submits to examination by filing a general answer denying assets, and is discharged, the creditor, to sustain the attachment against the debtor, may show that in fact the mortgage was fraudulent and void as to creditors, or had been fully paid, we need not consider. It is enough, that, when the answer of the trustee disclaims all right as mortgagee, and shows that there is no mortgage and no debt, and the trustee is thereupon discharged, such discharge cannot avoid or dissolve an attachment otherwise valid. When the answer or examination of the trustee shows that he has no interest in the property, as mortgagee or otherwise, the whole purpose for which he is summoned is accomplished, and there is no propriety in his remaining longer a party to the suit. It is not necessary that there should be any finding of facts by the court, or any recital of facts in the order of discharge.

When the record shows that the trustee has no interest in the matter, his discharge, in whatever form effected, will be presumed to be for that reason. The only order of the court contemplated by the statutes is the order for the payment of a sum found due to the trustee as mortgagee, and the attachment is valid until vacated by neglect to comply with such an order. When the answer or examination of the trustee shows that such an order cannot be made, and that the attachment cannot be avoided under the statute, and that the trustee is entitled to be discharged, it cannot be that the attachment will be dissolved by the discharge of the trustee, or the discontinuance of the proceedings against him.                  *Exceptions sustained.*