## CHICAGO & NORTHWESTERN RAILWAY COMPANY *v.* ALVIN R. DURHAM COMPANY ET AL.

### CERTIORARI TO THE SUPREME COURT OF MICHIGAN.

No. 257.   Argued April 20, 1926.—Decided May 24, 1926.

1. The Uniform Bill of Lading Act of August 29, 1916, c. 415, § 23, presents no obstacle to garnishment of a carrier after the order bill of lading has been surrendered; neither does that Act confer a right of garnishment.   P. 256.
2. The fact that, by § 5 of the Uniform Bill of Lading, as construed by this Court in *Michigan Central R. Co.* v. *Mark Owen & Co.,* 256 U. S. 427, a carrier may remain liable *qua* carrier to the consignee of an interstate carload shipment after surrender of the bill of lading and payment of charges and while the car is on a train track and turned over to the consignee for the purpose of unloading, and partly unloaded by him, is not determinative of the carrier's liability as garnishee in a suit by a stranger seeking to collect a debt from the consignee.   P. 255.
3. The carrier's liability to garnishment in such circumstances depends on the state law.   P. 257.

229 Mich. 468, reversed.

CERTIORARI to a judgment of the Supreme Court of Michigan holding the Railway Company liable as garnishee in a suit by Alvin R. Durham Company to collect a debt from one Fred S. Larson, as principal defendant. See also 224 Mich. 477.

*Mr. R. N. Van Doren,* with whom *Mr. Samuel H. Cady* was on the brief, for petitioner.

Under Michigan law the right to hold a garnishee liable depends upon the state of the claim, as one garnishable or not, at the time of the service of the process in garnishment.   As a condition precedent, the garnishee

must have in his hands or under its custody or control property belonging to the defendant. This possession, custody or control must exist at the time of the service of the process in garnishment.

Prior to the decision in the *Mark Owen Case*, 256 U. S. 427, the courts uniformly held that facts similar to those of this case constituted delivery. *Whitney Mfg. Co. v. Richmond & D. R. Co.*, 38 S. C. 365; *Rothchild v. Northern Pac. R. R.*, 68 Wash. 527. See also *Kenny Co. v. Atlanta & W. P. R. Co.*, 122 Ga. 365; *Arkadelphia Mill Co. v. Smoker Mdse. Co.*, 100 Ark. 37; *Vaughn v. New York, N. H. & H. R. R.*, 27 R. I. 235; *Paddock v. Toledo & O. C. R. Co.*, 21 Ohio C. C. 626; *Anchor Mill Co. v. Burlington, C. R. & N. R. Co.*, 102 Ia. 262; *South & N. A. R. Co. v. Wood*, 66 Ala. 167; *Southern R. Co. v. Barclay*, 1 Ala. App. 348.

The bill of lading does not change the law as to the facts which constitute delivery. It simply extends the liability of the carrier as to the goods "not removed" from the car. Delivery of the goods in the sense of the surrender of possession, the surrender of the carriers' lien, the surrender of custody or control, is not inconsistent with such liability. The sole question considered by the court in the *Mark Owen Case* was one arising out of the contract relations of the parties and involving the liability of the carrier to the consignee upon and by reason of such contract. The effect of the decision was to place upon the carrier the duty of policing and protecting cars in process of unloading, and for failure to do so a liability was created. In order to hold the carrier liable it was not necessary to hold what the language of the opinion, taken literally, seems to indicate. The purport of the language will properly be restricted in its scope to the query then under consideration, to-wit: the liability of the carrier before the removal of merchandise from a car.

*Mr. Joseph L. Hooper,* with whom *Messrs. Julius J. Patek, Myron H. Walker,* and *Solomon W. Patek* were on the brief, for respondent Durham Company.

The bill of lading, and the rules and regulations subject to which it is issued and accepted, constitute the contract between the parties, the carrier, the shipper, and the consignee, and necessarily limit and govern their rights in the shipment and the rights of those claiming under them; and it is well settled that the liability of the garnishee in respect of property in his hands is governed and must be determined by such contract and can neither be enlarged, restricted, modified, nor impaired as to the garnisheeing creditor and his rights. It is, therefore, the contention of the respondent that the rights of the parties in this case, fixed as they are by the contract of shipment, are settled; and this case is governed by the recent decision of this Court in *Michigan Central R. R. Co.* v. *Mark Owen & Co.,* 256 U. S. 427.

The Railway Company had plenary control over the car and the apples remaining in it, at the time the summons was served. As to such property "there was no delivery," "but only a right of access given to it in order that it might be removed." This "right of access" thus "given" was a mere license revocable at any time by the Railway Company, certainly for cause, such as service of process in garnishment. In the meantime the apples remained and were in the "custody and control" of the Railway Company, and as carrier. The relative rights and liabilities of the Railway Company as carrier, and of the consignee, under the bill of lading, in the goods still in the car during the forty-eight hour period, do not depend upon the fact of the payment of the freight bill, but upon the fact of "delivery" or "no delivery," of the shipment still in the car, and the consequent "custody and control" by the carrier of the shipment "not removed." See *Erie R. R. Co.* v. *Shuart,* 250 U. S. 465; *Southern Ry. Co.* v. *Prescott,* 240 U. S. 632.

Congress in the Uniform Bill of Lading Act, August 29, 1916, 39 Stat. 542, § 23, recognized that the surrender of the order bill of lading is not of itself a delivery of the goods or of possession so as to preclude garnishment of the carrier for the goods, for it expressly provides that goods in the possession of the carrier, in case of an order bill of lading, cannot be attached by garnishment of the carrier, " unless the bill be first surrendered to the carrier," and, further, that " the carrier shall in no such case be compelled to deliver the actual possession of the goods until the bill is surrendered or impounded by the Court."

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

By an interstate shipment made under the uniform order bill of lading the Chicago & Northwestern Railway received in 1921 at its yards in Ironton, Michigan, a box-car containing apples consigned to the shipper's order, " Notify F. M. Larson." The car was placed on the " team track," which is one of the public delivery tracks used for unloading freight received in car-load shipments and is not connected in any manner with a railway freight warehouse. The next morning, at 8.20 o'clock, Larson surrendered the bill of lading duly indorsed, paid the freight charges, gave to the Railway his receipt for the apples, and commenced unloading the car. On the same day the Alvin R. Durham Company sued out a writ of garnishment against the Railway which was served at 9.45 a. m. At that time about one-quarter of the apples had already been taken from the car by Larson. In spite of the service of the writ of garnishment, the Railway did not prevent the further unloading. This was not completed until four days later. Meanwhile the car was locked every night by Larson. During this period of un-

loading, the car was shifted several times by the Railway for its own convenience in the use of the team tracks.

The trial court directed a verdict for the garnishee on the ground that the Railway did not have the custody, control or possession of the shipment. The Supreme Court of Michigan reversed that judgment and held the carrier liable on the ground that " under the interpretation of § 5 of the uniform bill of lading as appears in *Michigan Central R. Co.* v. [*Mark*] *Owen* [*& Co.*], 256 U. S. 427, . . . the railway did have the custody, control and possession of the interstate shipment." 229 Mich. 468. See also 224 Mich. 477; 265 U. S. 580. This Court granted a writ of certiorari. 268 U. S. 684. The sole question for decision is whether the Railway is liable as garnishee.

The facts in the two cases are similar, but the legal questions presented for decision are wholly different. In the *Mark Owen Case* it was sought to enforce under the federal law an alleged liability in contract of an interstate carrier to the consignee. Whether the railroad was liable depended upon the construction to be given the contract for an interstate shipment contained in the uniform bill of lading. Compare *Southern Railway Co.* v. *Prescott,* 240 U. S. 632. The question was whether, in the absence of negligence, the railroad was liable to the consignee for grapes stolen from the car while on the team track after the unloading had begun, but before the expiration of 48 hours after giving notice of arrival.[1] The

---

[1] Section 1 of the uniform bill of lading provides: " The carrier or party in possession of any of the property herein described shall be liable for any loss thereof or damage thereto, except as hereinafter provided. . . ."

Section 5: " Property not removed by the party entitled to receive it within forty-eight hours . . . after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only. . . ."

railroad contended that, under § 5 of the bill of lading, there was no liability, because the surrender of the car to the consignee, followed by breaking the seals and commencement of unloading, constituted a delivery; and that, in any event, its responsibility for the unloaded part of the contents had become that of warehouseman. This Court held that, since the theft occurred within the 48-hour period, there had not been, under the contract of the parties as expressed in § 5 of the bill of lading, such a delivery as would terminate the carrier's liability as insurer or reduce the liability to that of the warehouseman's exercise of reasonable care.

In the case at bar it is sought to hold the railroad liable as garnishee to a stranger. It is not sought to enforce a liability arising under a federal law. As the order bill of lading had been surrendered, the Uniform Bill of Lading Act presented no obstacle to garnishment. Act of August 29, 1916, c. 415, § 23, 39 Stat. 538, 542. But that Act obviously confers no right to garnishment. Nor is there anything in the bill of lading which conceivably could be construed as either conferring or denying the right of garnishment. The plaintiff does not seek to enforce, as a derivative right, a claim of the consignee against the carrier under the bill of lading. It seeks to reach tangible property confessedly belonging to the principal defendant and to which the carrier confessedly makes no claim either of title or possession. Section 5 of the bill of lading clearly does not authorize a carrier, who had surrendered to the consignee control of the shipment upon surrender of the bill of lading, payment of charges and signing of the usual receipt, any right to recapture control of the unloaded part of the shipment in the event that garnishee proceedings are commenced within 48 hours after such surrender.

The liabilities consequent upon the character of the custody and control exercised by carrier or consignee arise

from and are dependent upon the state statutes conferring the right of garnishment, and as such are unaffected by the provisions of the bill of lading.   Thus the question whether, under the circumstances, the apples remaining in the car were subject to garnishment, is not one of uniform carrier liability, but, primarily, of procedure, and as such governed by varying views of local policy, legislation and practice.   Thus, a garnishee may be under no liability, because the property could have been reached by direct levy.[2]   He may be under no liability because of the nature of the claim sought to be enforced,[3] or because of the character of the plaintiff,[4] of the principal defendant,[5] of the garnishee,[6] or of the property sought

[2] *Madden* v. *Union Pacific R. R. Co.*, 89 Kan. 282; *Wood* v. *Edgar*, 13 Mo. 451; *Gleason* v. *South Milwaukee Bank*, 89 Wis. 534.   Compare *Hooper* v. *Day*, 19 Me. 56; *Balkham* v. *Lowe*, 20 Me. 369.

[3] *Nesbitt* v. *Ware*, 30 Ala. 68; *Cunningham* v. *Baker*, 104 Ala. 160; *Holcomb* v. *Winchester*, 52 Conn. 447; *Clark* v. *Brewer*, 6 Gray (Mass.) 320; *Martz* v. *Detroit Fire Ins. Co.*, 28 Mich. 201; *Thorp* v. *Preston*, 42 Mich. 511; *Weil* v. *Tyler*, 38 Mo. 545; *Selheimer* v. *Elder*, 98 Pa. St. 154.

[4] *Davis* v. *Millen*, 111 Ga. 451; *Shivers* v. *Wilson*, 5 Harr. & J. (Md.) 130.   Compare *Disconto Gesellschaft* v. *Umbreit*, 208 U. S. 570.

[5] *Edmondson* v. *De Kalb County*, 51 Ala. 103; *Danley* v. *State Bank*, 15 Ark. 16; *Lovejoy* v. *Albee*, 33 Me. 414.

[6] *Buchanan* v. *Alexander*, 4 How. 20; *Fischer* v. *Daudistal*, 9 Fed. 145; *Pringle* v. *Guild*, 118 Fed. 655; *Moscow Hardware Co.* v. *Colson*, 158 Fed. 199; *Allen-West Commission Co.* v. *Grumbles*, 161 Fed. 461; *In re Argonaut Shoe Co.*, 187 Fed. 784; *Glass* v. *Woodman*, 223 Fed. 621; *Forbes* v. *Thompson*, 2 Penn. (Del.) 530; *Columbia Brick Co.* v. *District of Columbia*, 1 App. D. C. 351; *Millison* v. *Fisk*, 43 Ill. 112; *Bivens* v. *Harper*, 59 Ill. 21; *Wallace* v. *Lawyer*, 54 Ind. 501; *Allen* v. *Wright*, 134 Mass. 347, 136 Mass. 193; *School District* v. *Gage*, 39 Mich. 484; *White* v. *Ledyard*, 48 Mich. 264; *Hudson* v. *Saginaw Circuit Judge*, 114 Mich. 116; *McDougal* v. *Hennepin County*, 4 Minn. 184; *Clarksdale Compress Co.* v. *Caldwell County*, 80 Miss. 343; *Ross* v. *Allen*, 10 N. H. 96; *Burnham* v. *City of Fond du Lac*, 15 Wis. 193.   Compare *Dunkley* v. *City of Marquette*, 157 Mich. 339.

to be reached.[7]  And, although no objection may exist
upon any of these grounds, the garnishee may be held
immune from liability, because the highest court of the
State had declared that to allow garnishment, under the
circumstances, would be against public policy; as where
a carrier having possession, custody and control of prop-
erty is held not chargeable by garnishment because the
goods were in process of transportation.[8]

Whether under the law of Michigan the Railway was
liable as garnishee, we have no occasion to enquire.
There is nothing in the uniform bill of lading which would
prevent the state court from holding that, although the
freight car was in the carrier's possession, it was not liable
as garnishee of the contents, because the apples were in
the consignee's possession although not unloaded.  A
person breaking open and taking the contents of a chest
in his custody has been held guilty of larceny.  *Union
Trust Co.* v. *Wilson*, 198 U. S. 530, 537.   The state court,
however, reversed the judgment of the trial court because
it assumed that the liability of the garnishee was fixed
by the federal law, and that, under the rule declared in
the *Mark Owen Case,* the railroad was liable.  As this
was error, the judgment must be reversed and the cause
remanded for further proceedings not inconsistent with
this opinion.  *Ebert* v. *Poston*, 266 U. S. 548.   Compare
*Industrial Commission* v. *Nordenholt Corp.*, 259 U. S.
263; *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109.

*Reversed.*

---

[7] Compare *Smith* v. *Gilbert,* 71 Conn. 149; *Stowe* v. *Phinney*, 78
Me. 244; *Massachusetts National Bank* v. *Bullock*, 120 Mass. 88;
*Rozelle* v. *Rhodes*, 116 Pa. St. 129.

[8] *Stevenot* v. *Eastern Ry. Co.*, 61 Minn. 104; *Bates* v. *Chicago,
Milwaukee & St. P. Ry. Co.*, 60 Wis. 296.  Compare *Adams* v. *Scott*,
104 Mass. 164; *Rosenbush* v. *Bernheimer*, 211 Mass 146; *Clifford*
v. *Brockton Transp. Co.*, 214 Mass. 466; *Landa* v. *Holck & Co.*,
129 Mo. 663.