**Ludwig Cohen, Trading as Maywood Tobacco Company, Appellee, v. Southern Railway Company, Appellant.**

### Gen. No. 36,523.

Opinion filed December 13, 1933.

Nelson J. Wilcox, Nelson Trottman and I. C. Belden, for appellant.

Maurice L. Davis, for appellee.

Mr. Justice Wilson delivered the opinion of the court.

This was an action brought to recover for loss alleged to have been caused by reason of the failure to deliver a shipment of cigarettes, which had been turned over to the defendant Southern Railway Company, at Reidsville, North Carolina, for transportation and delivery at Maywood, Illinois. The cause was tried by the court without a jury and resulted in a finding in favor of the plaintiff and judgment upon the finding against the defendant, Southern Railway Company.

The goods were shipped under a bill of lading issued to the American Tobacco Company with an undertaking on the part of the defendant to deliver said goods at Maywood, Illinois and to notify plaintiff, Maywood Tobacco Co., at that place. We gather from the record that no notice of the arrival of the goods in question was given to the plaintiff by the defendant carrier.

The trial court found as a matter of fact that the goods were shipped from Reidsville, North Carolina, on June 28, 1929, and consigned to the order of the American Tobacco Co., to notify the Maywood Tobacco Co. at Maywood via Southern Railway Company, and were transported to Chicago and delivered to the Chicago and Northwestern Railway at its Proviso Yards on July 2, 1929; then transported to Melrose Park station (which served Maywood) on July 3, 1929, and unloaded and placed in the freight house of the Chicago and Northwestern Railway Company. The court also held as a matter of fact that five days from June 28, 1929, was a reasonable time for a shipment of such goods from Reidsville, North Carolina to Melrose Park, Illinois.

The claim of the plaintiff for loss occasioned by the nondelivery of the goods was filed with the initial carrier January 6, 1930. It is defendant's contention that plaintiff's claim was not "filed within six months after a reasonable time for delivery had elapsed." This defense is based upon the fact that the shipment was one in interstate commerce and transported under the regular form of bill of lading on file with the Interstate Commerce Commission, which contained the limitation clause as hereinbefore stated. The bill of lading also contained a provision to the effect that the carrier's liability should be that of a warehouseman only for "loss, damage, etc., occurring after the expiration of the free time allowed by the tariffs lawfully on file." It was stipulated by the parties that this free time was 48 hours. It is plaintiff's contention that this 48-hour period of free time extended the responsibility of the defendant as carrier and that, if the goods reached Melrose Park on July 3rd, the following day was July 4th, which was a holiday and therefore should not be computed, and that the 48-hour free time allowance extended the time of delivery to July 6th. If this contention was correct, then the notice of loss was filed within six months after a reasonable time for delivery had elapsed and that this would be a compliance with the requirement for the filing of claim as provided in the bill of lading.

We are referred by counsel for the defendant to the case of *Chesapeake & Ohio Ry. Co. v. Martin,* 283 U. S. 209. It was there held that the provision in the bill of lading for claim of loss in case of failure to deliver must be made within six months after the lapse of a reasonable time for delivery is authorized by federal statute and is valid. In that case, the claim for loss was not made until the expiration of six months and 20 days after the shipment and it was held that eight days was a reasonable time for the delivery of the car

to the consignee. The court in its opinion, however, stated that what was a reasonable time was dependent upon the circumstances of each particular case and should be considered in the light of the circumstances and conditions surrounding the transaction. However, the court stated that the lapse of 20 days, after allowing eight days for transportation was too great to be considered a reasonable time. From a reading of the case, however, it would appear that the 48-hour free time was computed as part of the time allowed the carrier for delivery. In its opinion, the court said:

"It sufficiently appears that the time reasonably necessary for completion of delivery to the Bowman warehouse after the receipt of the shipment at petitioner's yards would, in no event, exceed forty-eight hours.

"Not only is the estimate of the agent reasonable upon its face and in accordance with probability; and not only is it wholly unchallenged by other evidence or circumstances; but it is so completely corroborated by the undisputed facts in respect of this very shipment as to put it beyond the reach of a fair doubt. The movement of the car from the point of origin to the yards of petitioner in Richmond actually was made in six days; and if there be added full forty-eight hours thereafter for completing delivery to the Bowman warehouse, the testimony of the agent as to time stands verified by indubitable test. In the face of this record the conclusion of the court that it was still open for the jury to say that not eight days merely, but twenty days, fell short of being a reasonable time for delivery is so clearly erroneous as to cause the ruling of the court, in effect, to rest upon nothing more substantial than the power of a jury arbitrarily to disregard established facts." Thus it appears that the court added the full 48 hours as part of the time allotted the carrier for delivery.

January 5, the day preceding that upon which notice of claim was given by the plaintiff, was Sunday. In the view we take of the matter, however, it is not necessary to consider the question as to whether or not this day should have been deducted as one of the days to be considered in the question of the computation of the time limitation provided for in the bill of lading.

We have examined the case of *Chicago & Northwestern Ry. Co. v. Durham Co.,* 271 U. S. 251, and find that it dwelt solely with the question of garnishment. In that case consignee had given up his bill of lading and started to unload the goods. This unloading had started before the 48-hour free period had elapsed. It was held in that case that the question as to whether or not garnishment proceedings would lie against the carrier was dependent upon the law of the State of Michigan. In our opinion it is not applicable to the facts in this case. The Uniform Bill of Lading Act provides that the carrier shall not be compelled to deliver goods until the bill of lading is surrendered. In that case the bill of lading had been surrendered and the consignee had begun to unload from the side track.

The case of *Michigan Cent. R. Co. v. Mark Owen & Co.,* 256 U. S. 427, cited in the briefs, holds that the liability of the carrier attaches after the goods have reached their destination, for a period of 48 hours, and that after that time the responsibility of the carrier is that of warehouseman only. This period of time, as was held in that case, is to cover any contingency which might arise after the property had reached its destination and notice of the arrival of the property had been given.

From our interpretation of the reasoning in the case of *Chesapeake & Ohio Ry. Co. v. Martin, supra,* it would appear that the court considered that the 48-hour free time period should be added to the time for delivery before computing the six-months' period during which notice of loss should be given to the carrier.

From our examination of the cases, it is not clear that this precise question has been decided, but in view of the fact that a bill of lading should be interpreted most strongly against the carrier, and because of the fact that the trial court has found the facts to be that the notice of loss was given by the plaintiff within six months after a reasonable time for delivery had elapsed, and for the other reasons expressed in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.